MURRAY AUSTER, Plaintiff, v. PRINCESS FABRICS, INC., Defendant.

City Court of New York, Special Term, Bronx County, September 10, 1940.

*Daniel I. Auster* [*Jules Shank* of counsel], for the plaintiff.

*William H. Rosenzweig*, for the defendant.

EVANS, J.   This is a motion to compel a reply to the three separate defenses.   As to the third defense, the motion is withdrawn by the briefs.

The complaint is for breach of an oral contract of employment. The term of the contract is from February 14, 1940, to January 4, 1941, and the compensation forty dollars a week.   The plaintiff was discharged April 13, 1940.   Damages are sought for the unlawful discharge.

The answer sets up new matter by way of avoidance, and the facts alleged are that, after the discharge, plaintiff brought an action in the Small Claims Part of the Municipal Court for forty dollars. This looks like a week's wages.   But, instead of being so designated, the legal theory adopted was that it was " damages for breach of contract of employment."   Plaintiff procured a verdict of $47.25 from the official referee, sitting in the Small Claims Part.   A judgment was entered, and pursuant to the verdict, judgment, and recommendation of the official referee the controversy was settled by the payment of a check of $51.53 by the defendant, in full satisfaction of the controversy, and the judgment entered was thus satisfied of record.

Based upon these facts, the first two defenses claim that the judgment was *res adjudicata*, and an accord and satisfaction.   If that were so, I think that a reply might properly be ordered, so as to dispose of or limit the controversy.   (*Dittenfass* v. *Horsley*, 171 App. Div. 507.)

If the judgment were procured in the Municipal Court itself; or in any other court, I think it would be *res adjudicata*.   (*Waldron* v. *Hendrickson*, 40 App. Div. 7.)   But that is not so where the judgment is obtained in the Small Claims Part.   The statute changes the rule, so that any judgment in the Small Claims Part is *res adjudicata* only as to the amount involved and as to nothing else.   (Mun. Ct. Code, § 186.)

The statute, however, is limited to the question of *res adjudicata*. Even in the Small Claims Part, there may be a settlement or an accord and satisfaction that would dispose of the entire controversy, and constitute a defense by way of avoidance.   But the second

defense, addressing itself to that legal theory, is based on the judgment and the acceptance of the money in payment of the judgment. It is thus not a real accord and satisfaction, such as would constitute a complete defense (*Hudson* v. *Yonkers Fruit Co., Inc.,* 258 N. Y. 168), but the kind of accord and satisfaction that is imposed upon the parties by virtue of the judgment, and better designated by the legal phrase of *res adjudicata.* The second defense being based entirely on the first, is really the same kind of defense and based upon the same theory.

The two defenses, therefore, are only partial defenses, and are not of such a character as to avoid the entire claim set forth in the complaint. A reply to the defenses would, therefore, not help to determine the principal issues, nor to simplify them.

Motion denied.