SUPREME BURGLAR ALARM CORP., Respondent, *v.* MURRAY W. MASON, Appellant.

Supreme Court, Appellate Term, First Department, April 23, 1953.

*Robert Goldstein* for appellant.

*Walter Mund* for respondent.

HOFSTADTER, J. Before the present action was instituted, the appellant as plaintiff sued the respondent in the Municipal Court, Bronx, Small Claims Part, for breach of contract. The respondent, as permitted by the rules for the Small Claims Part, interposed a counterclaim for $97.68. On the trial both the complaint and the counterclaim were dismissed on the merits and judgment to that effect was entered. Dissatisfied with the result, the respondent thereupon commenced this action to recover $97.68 on the cause of action for which it had counter-claimed unsuccessfully in the prior action. It urges that section 186 of the New York City Municipal Court Code defeats the plea of *res judicata*. This section reads: '' § 186. *Judgment obtained to be res adjudicata in certain cases*. A judgment obtained under this title may be pleaded as res adjudicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court.''

The respondent argues that a party against whom a judgment has been entered in the Small Claims Part, is entitled to a retrial of his claim in another court, notwithstanding the prior adverse decision. In such case, however, under the respondent's interpretation of this section, the recovery in the second action is limited to the amount previously demanded in the Small Claims Part.

In our opinion, neither the language of the section nor its obvious purpose permits the construction so sought to be put upon it. It is clear to us that, because of the comparative informality of the procedure in the Small Claims Part the intent was to limit the conclusive effect of its judgment to the very claim there determined. Under the general principles of *res judicata,* a judgment in one action, because of its necessary legal implications, often concludes the parties in a later action in which the issues though related are not the same. Litigation arising from installment contracts furnishes an apt illustration; suit on a single installment may determine all the issues under the basic contract. Under section 186 of the Municipal Court Code such effect may not be given to a judgment of the Small Claims Part.

But, the appellant here claims no more for the judgment of the Small Claims Part than its conclusive determination of the counterclaim. It is admitted that the claim now sued on is identical in every particular with the counterclaim already dismissed on the merits. Unless the prior judgment is held determinative of the issue here, the trial in the Small Claims Part was a sheer futility. We hold that section 186 of the Municipal Court Code does not give a litigant, who has voluntarily sought adjudication of his claim in the Small Claims Part and has been defeated there on the merits, the privilege of relitigating the selfsame claim in another court. We are not now called upon to define the precise scope of section 186. It is sufficient that in this case the respondent is concluded by the dismissal of its counterclaim.

The order is reversed, with $10 costs and the motion for summary judgment dismissing the complaint granted.

HAMMER and EDER, JJ., concur.

Order reversed, etc.