HERMAN LEVINS, Respondent, *v.* MOE BUCHOLTZ, Appellant.

Supreme Court, Appellate Term, First Department, September 22, 1955.

*William N. Dickson* for appellant.

*Herman S. Minot* and *Louis Zasloff* for respondent.

HOFSTADTER, J. On October 9, 1954, the plaintiff found his automobile, which he had left parked in a stall of a parking lot, damaged, with a note on the windshield stating that another car, bearing a given license number, had backed into it. After tracing to the defendant ownership of the car with this number, the plaintiff by notice brought the defendant in to the Small Claims Part. The case was tried on the return day, the plaintiff appearing in person and the defendant by attorneys. The plaintiff recovered $50 and disbursements. The defendant, still represented by the same attorneys, has appealed. The plaintiff has submitted his own statement written in longhand. In addition, a firm of attorneys, acting without compensation, has submitted on his behalf a carefully prepared letter, in which it is urged that affirmance is necessary to the preservation of the integrity of proceedings in the Small Claims Part. These attorneys are to be commended for their public spirit, in thus participating in the appeal.

The appellant's brief does not demonstrate even remotely that the result below fails to do substantial justice according to the principles of substantive law; instead it argues in conventional style that hearsay evidence was received and that a prima facie case of negligence was not made out. But for the misconception revealed in other appeals which have come before us, of the true function of the Small Claims Part, the judgment would be affirmed without opinion. This misconception and its grave implications impel us to a fuller expression of our views.

The Small Claims Part came into being pursuant to chapter 598 of the Laws of 1934. Though this legislation created what the Commission on the Administration of Justice believed the Justices of the Municipal Court could themselves establish by court rule (Report of Commission on Administration of Justice [1934], pp. 29–30, 736–741), the medium set up was then no longer an innovation. There had been increasing awareness that existing courts, especially in large cities, did not provide adequate facilities for the litigant with a small claim who could not afford to employ a lawyer. Eventually it was recognized that real justice could be done in these cases only if delay,

expense and procedural formality were dispensed with. In his illuminating and comprehensive study Reginald Heber Smith aptly said: " The essential features of a small claims court are extremely low costs or none at all, no formal pleadings, no lawyers, and the direct examination of parties and witnesses without formality by a trained judge who knows and applies the substantive law.'' (Smith on Justice and the Poor, p. 56.)

The subject is also dealt with by Roscoe Pound (Pound, Administration of Justice in the Modern City, 26 Harv. L. Rev. 302 [1913]; Pound on Organization of Courts, pp. 260–270). In his article in the Harvard Law Review Professor Pound expressed these views: " But it is a denial of justice in small causes to drive litigants to employ lawyers, and it is a shame to drive them to legal aid societies to get as a charity what the state should give as a right '' (p. 318) and " In petty causes there ought to be no expensive advocacy.'' (P. 319.) (See, also, Schramm on Piedpoudre Courts [1928], pp. 114–115.) The small claims court is an attempt to solve the problem, especially acute in a city with the large and heterogeneous population of the City of New York. Before the Small Claims Part of the New York Municipal Court was established, small claims courts had already been operating in Chicago, Cleveland, Portland and other cities and this experience was drawn on in setting up the New York system.

In 1954, night sessions of the Small Claims Part were inaugurated to make it readily accessible to those who cannot afford to lose working time by court attendance during the day — a step which received wide and favorable comment in the press at the time. At the first night session Presiding Justice PECK of our Appellate Division delivered an address in which he said: " I suppose the most basic understanding is a realization that the means of the peaceable adjustments of disputes is the basis of any peaceful society.'' (N. Y. L. J., Sept. 21, 1954, p. 1, col. 5.) This realization, too, deters those least favorably circumstanced from taking the law into their own hands and becoming embroiled in neighborhood quarrels and brawls. " The small claims courts are a mighty force in revising the present day opinion of the humbler classes as to law and courts.'' (Smith, *op. cit.* p. 53.)

It is thus abundantly clear that the small claims court was devised to meet courageously and effectively the challenge of the small claim. Its history manifests its underlying philosophy — quick, simple and inexpensive justice. The New York statute unmistakably expresses the legislative purpose to attain this end. It declares that the practice, procedure and forms in the

Small Claims Part " shall differ from the practice, procedure and forms used in the court for other than small claims, notwithstanding any provision of law to the contrary. They shall constitute a simple, informal and inexpensive procedure for the prompt determination of such claims in accordance with the rules and principles of substantive Law." (N. Y. City Mun. Ct. Code, § 180.) However, no rule may dispense with the taking of stenographic minutes of any hearing. Small claims are commenced without the service of a summons and, except by special order of the court, without the service of any pleading. The defendant is brought into court by a notice, sent to him by registered mail (§ 181). Hearings shall be conducted in such manner as to do substantial justice between the parties according to the rules of substantive law and the court is not bound by " statutory provisions or rules of practice, procedure, pleading or evidence," except those relating to privileged communications and section 347 of the Civil Practice Act. (§ 182.) The plaintiff is deemed to have waived trial by jury, though the defendant's right to such trial, on demand therefor, is preserved (§ 184). It may be noted in passing that the original limitation to claims not exceeding $50 was later increased to $100 (L. 1949, ch. 416).

Either party may appeal " on the sole grounds that substantial justice has not been done between the parties according to the rules and principles of substantive law." (§ 185.) A judgment of the Small Claims Part is *res judicata* " only as to the amount involved in the particular action ". (§ 186.) The rules for the Small Claims Part appropriately implement the statute.

It is self-evident that the usefulness of this institution demands that in general finality attach to its pronouncements. In *Supreme Burglar Alarm Corp.* v. *Mason* (204 Misc. 185), this court rejected a strained construction of the provisions dealing with *res judicata* (§ 186), by which trial in the Small Claims Part would have become a vain gesture, a prelude to a later trial elsewhere.

The litigants for whose benefit the Small Claims Part was created ought to have the feeling that its decision is the end, not a mere intermediate stage, of their lawsuit. That feeling will be encouraged if the rule is declared and rigorously enforced that nothing but the weightiest and most compelling of reasons can justify interference with its judgments. As much is clearly implied in the statutory mandate by which the right of appeal is narrowly limited to a single ground. Obedience to this mandate forbids subjection of the record on a Small Claims appeal

to the scrutiny normally given to other appeals from the Municipal Court.  We should ask solely whether there was unfairness or other misconduct in the trial or whether the result shocks conscience or one's basic sense of justice.  In these cases, a judgment which meets these tests obviously does substantial justice according to the rules and principles of substantive law.  Once they have been met, there is no valid reason to consider anything else.  When it is realized that an appeal from a Small Claims judgment capable of surviving these tests is a futility, the Small Claims Part will become the effective instrument conceived and fashioned by the Legislature.  The integrity of the judicial forum and confidence in its processes are of far greater concern than the outcome of any particular litigation, whether the amount at stake is large or small.  The Small Claims Part, born of enlightened vision, was a signal step forward in the march towards an improved administration of justice.  The cause of justice is ill-served in the denial to the judgments of this important court of their intended stability and the consequent undermining of its usefulness.

The judgment should be affirmed, with $25 costs.

SCHREIBER and HECHT, JJ., concur.

Judgment affirmed, etc.