Hofstadter, J. (dissenting).
In its opinion in Levins v. Bucholtz (208 Misc. 597) affirming a judgment of the Small Claims Part of the Municipal Court, this court said that nothing but the weightiest and most compelling of reasons can justify interference with a judgment of the Small Claims Part and that on a Small Claims appeal the record should not be subjected to the scrutiny ordinarily given to other Municipal Court appeals. Only by rigid adherence to this principle can the Small Claims Part serve its intended purpose — that of providing quick, simple and inexpensive justice in the disposition of the small claims brought before it.
I find nothing exceptional or unusual in the present case to warrant departure from the wholesome rule laid down in Levins v. Bucholtz (supra). The ground relied on by the appellant for resisting liability, and upheld by the majority of the court, was always available. Yet, it was only after six months of investigation, which included actual inspection of the broken glasses and their packing, that the appellant finally disclaimed liability. From the foregoing the Trial Justice could well find that the goods had been properly packed when shipped from abroad and give the plaintiff the benefit of the consequent presumption in his favor.
The barrel had been shipped from France, unloaded from the ship in Baltimore and there delivered to the defendant for transportation to New York. The plaintiff paid the defendant a higher rate on a declaration of value so that the defendant could not limit its liability for the full value. It is not even suggested *600 that when the defendant accepted the unopened barrel, plainly marked “ glass ”, it warned the plaintiff’s forwarder that, if on arrival in New York any of the glass was found broken, it would insist on proof so difficult, if not impossible to obtain, that, for all practical purposes, the shipment was entirely at the plaintiff’s risk. Nor is it to be overlooked that the defendant offered no proof whatever of its handling of the shipment.
Imposition of liability on the defendant, in the circumstances, is not so shocking as to be a miscarriage of justice. Nothing less will permit us to disturb the decision of the Small Claims Part. I, therefore, dissent and vote to affirm.
Eder and Schreiber, JJ., concur in Per Curiam memorandum; Hofstadter, J., dissents in opinion.
Judgment reversed, etc.