Hofstadter, J.
Plaintiff brought this action to recover for designing work alleged to have been done for defendant, of the value of $24.50. Defendant, appearing by an attorney, set up in answer thereto a general denial.
Pursuant to the procedure of the Small Claims Court the case came on to be heard in the Night Court established for this purpose and both parties, by the required written stipulation and consent, agreed to “ submit this controversy to Burton H. *954 Brody as Arbitrator, pursuant to the Municipal Court Code and the Rules on Arbitration of the Municipal Court by which we agree to be bound ’ ’.
After hearing the facts the arbitrator made a finding that plaintiff was entitled to recover $24.50 from defendant and judgment was entered upon said award.
It is to be noted that defendant was represented by its attorney through the whole proceeding before the Small Claims Court, including the signing of the foregoing consent to arbitration.
Upon the entry of judgment against it, defendant moved, by order to show cause, for an order vacating and setting aside the judgment as against the weight of the evidence and contrary to law and fact and for a new trial upon all the grounds set forth in section 549 of the Civil Practice Act and upon the ground of newly discovered evidence. The motion was denied, in substance, upon the ground that having consented to submit the controversy to an arbitrator under the various provisions of the Municipal Court Code pertaining thereto, defendant was bound by the award which the court had no power to set aside.
Defendant concedes that it has waived its right to appeal from the judgment itself but appeals, in substance, on the grounds : (1) The judgment was void and contrary to law because the Legislature has not sanctioned the system of night Small Claims Courts with arbitrators rendering decisions, now in effect; (2) even if the procedure followed in the Small Claims Court is held to be valid, the motion should have been granted because defendant never waived its right, pursuant to section 549 of the Civil Practice Act, to move to vacate and set aside the judgment.
Defendant in support of its first point urges generally that the system of selecting arbitrators and the method of making and entering judgment on their awards does not meet the requirements of the Civil Practice Act since it gives the litigant no real choice of arbitrators. It is further argued that what is being done in such proceedings is the appointment of “Judges” which is beyond the constitutional and statutory authority of the Municipal Court and its Presiding Justice and therefore any verdict or decision by a person so appointed necessarily is invalid and should be set aside.
This court has gone into the questions of the creation, purposes and methods of administration and of conducting hearings, of the Small Claims Court, at great length in its opinion in the case of Levins v. Bucholtz (208 Misc. 597). As appears therefrom, there is ample legislative sanction for its being and its procedure.
*955 Defendant’s contentions to the contrary lack any real substance. The Municipal Court Code provides specifically for the setting up of a system of arbitration and the procedure to be followed with respect thereto (N. Y. City Mun. Ct. Code, § 6, subd. 6). In subdivision 3 of section 8 of the Municipal Court Code the Board of Justices is given power to adopt and amend rules pertaining to such a system of arbitration and a specific set of rules has been set up (N. Y. City Mun. Ct. Bules, Buies on Arbitration, rule I et seq.). The procedure followed in the Small Claims Courts pertaining to the hearing of cases on consent before arbitrators falls within the powers granted to the Municipal Court and is in compliance with its rules.
Defendant’s arguments are based upon a wrong premise, i.e., that the hearings before the so-called referees in the Small Claims Court are judicial proceedings rather than arbitrations. The whole procedure followed clearly negates such a conclusion. Defendant was given a choice between a trial before a justice of the Municipal Court who was available for that purpose, or of voluntarily consenting to have the matter heard as a controversy by a designated arbitrator. The fact that the latter is called a ‘ ‘ Beferee ’ ’ does not alter the true situation. His duties and function are the governing factors and there can be no question that he acts only as an arbitrator. Defendant after being given its choice voluntarily entered into a written stipulation consenting to arbitrate and to be bound by the Municipal Court Buies pertaining to arbitrations. The language of the consent so signed is too clear to be misunderstood even by a layman, and in this case defendant’s attorney signed the consent for it.
Defendant was in no way persuaded or forced to forego its right to a trial before the court and the concomitant right to appeal from its judgment or to move to vacate or set it aside. In voluntarily choosing the procedure it did defendant waived all right to appeal, which is conceded. By the same token defendant also waived any rights it might have had under section 549 of the Civil Practice Act, for that statute by its language specifically applies only to a trial by a court and jury or by a court without a jury. It has no bearing upon an arbitration proceeding. To hold otherwise would completely weaken the whole structure and main purpose of the Small Claims Court by undermining the stability and finality of its judgments.
The order, therefore, should be affirmed, with $10 costs.
Edeb and Hecht, JJ., concur.
Order affirmed, etc.