■ PEARL STERN et al., Respondents, v. JACK HAUSBERG, Appellant.— Order, entered on December 17, 1963, granting plaintiffs' motion to dismiss the affirmative defenses of Statute of Limitations and *res judicata*, unanimously modified, on the law and in the exercise of discretion, to the extent of permitting the defendant to replead the affirmative defense of the Statute of Limitations as to those allegations of the complaint which allege malpractice on the part of the defendant dentist with respect to bridgework installation, and, as so modified, affirmed, without costs. The action based upon defendant dentist's malpractice was commenced on October 22, 1962. Three negligent acts are alleged, which, in order of their occurrence, pertain to bridgework, root-canal work, and the treatment of an infected molar. The Statute of Limitations is interposed as a defense against all of the alleged acts of negligence. In an affidavit by defendant's attorney it is stated that all work in connection with the installation of the bridge was completed as of August 8, 1960, more than two years prior to the commencement of the action. Thus, unless it is demonstrated upon a trial that the dental treatment rendered within the two-year period prior to the commencement of the action was part of "continuous treatment" referable to the bridgework (see *Borgia* v. *City of New York*, 12 N Y 2d 151), the defense, as it pertains to such bridgework, may be a valid one. However, there is no averment that the root-canal work and the treatment for the infected molar were likewise performed more than two years prior to the commencement of the action. To the contrary, it is conceded that "certain services were rendered" on December 5, 1960 — a date less than two years from the commencement of the action. Consequently, the affidavit submitted by defendant· does not support the defense as against the alleged acts of negligence which occurred after the installation of the bridge. Therefore, the defense as pleaded — against all three alleged acts of negligence — may not stand. However, since the defense may be valid in part, as aforesaid, leave to replead is granted. We agree with Special Term that the judgment obtained by the defendant in the Small Claims Part of the Civil Court, whereby he recovered a fee for the same root-canal work involved herein, is not a bar to the claim that the root-canal work was negligently done. Whereas *res judicata* would ordinarily apply in these circumstances, section 1808 of the New York City Civil Court Act provides that a judgment "may be pleaded as res judicata only as to the amount involved in the particular action, and shall not otherwise be deemed an adjudication of any fact at issue or found therein" (see *Supreme Burglar Alarm Corp.* v. *Mason*, 204 Misc. 185; *Kroll* v. *Ippolipo*, 184 Misc. 596). A fortiori the judgment is not a bar to the other alleged acts of negligence which were not even in issue in the small claims action. Concur — Rabin, J. P., Valente, Stevens, Steuer and Staley, JJ.