Richard W. Wallace, J.
The Small Claims Part of this court is not ordinarily the mise en scene in which the United States asserts its paramount diplomatic interests. Yet such is the case here, where the United States Attorney, acting on the application of the Department of State, has made a “ suggestion of immunity ” and moved to dismiss these 20 consolidated actions for support and maintenance commenced by Mrs. Menon, the estranged wife of a UN field worker of Indian nationality now stationed in South Korea. In each case the named defendant is an official of the United Nations Headquarters Staff stationed in New York City, who is sued as “ agent ” of the absent Mr. Menon. Although these defendants range in rank from undersecretary to middle echelon administrators, their common denominator seems to be some previous official correspondence with Mrs. Menon, in which they have questioned her status as Menon’s wife, by reason of certain controversial Turkish divorce proceedings, or otherwise failed to give her satisfaction.
The default judgments heretofore entered, and the garnishment of the personal bank account of a UN undersecretary, have been vacated in order to consider the application of the Department of State.
This motion to dismiss is firmly resisted by Mrs. Menon, who has been a formidable and somewhat successful antagonist of the United States Attorney’s office in the past. A Turkish national, she was ordered deported to that country by the United States Immigration Service in 1965, and although an exclusion order against her was upheld, she remains here because the country from which she entered the United States (Switzerland) has refused to receive her, and the law limits her deportation only to “ the country from whence [she] came.” (Menon v. Esperdy, 413 F. 2d 644, 646 ; U. S. Code, tit. 8, § 1227, subd. [a].)
A suggestion of sovereign immunity such as this one, presented to a court by the Department of State through the Attorney General and his local representative, “ should be accepted by the court without further inquiry ” (Rich v. Naviera Vacuba, S. A., 295 F. 2d 24, 26), even against a claim of prior waiver, or that the assertion of immunity violates an adversary’s constitutional *116 rights. The request “ must be accepted by the courts as a conclusive determination ’ ’ and all further judicial intervention must cease (Ex Parte Peru, 318 U. S. 578, 589). A different situation is presented where the immunity claim is asserted not by the Department of State but by the alleged sovereign entity itself; in that instance the court can inquire whether the activity is governmental or commercial (jus imperii or jus gestionis) and proceed on the merits in the latter case (Victory Transport v. Comisaria General, 336 F. 2d 354). Here, however, the Attorney General invokes, on behalf of the State Department, the applicable immunity provisions of the United Nations treaty. This court is thus foreclosed from any inquiry as to the propriety of the suggestion, out of deference to the doctrine of separation of powers upon which our Government and Constitution are founded (Ex Parte Peru, supra). The complaint in each case must be, and therefore is, dismissed.
Dismissal of these actions would follow even without the executive intervention of the State Department through the Attorney General. The Convention on Privileges and Immunity of the United Nations (TIAS 6900) effective April 29, 1970, provides (§ 18-a)- that UN officials “ shall be immune from legal process * * * [with respect to] * * * all acts performed by them in their official capacity. ’ ’ Under article VI of the United States Constitution ‘ ‘ all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby ’ ’.
This disposition, of course, precludes the court from any excursion into several intriguing issues, including: (1) Is the Turkish divorce decree valid under Turkish law? (2) Even if valid in Turkey, is the decree entitled to comity recognition here? (3) Even if validly divorced in Turkey, does this plaintiff have the status to compel support under an expanded concept of “ divisible divorce ” promulgated in Estin v. Estin (334 U. S. 541) and Vanderbilt v. Vanderbilt (1 N Y 2d 342, affd. 354 U. S. 416) ; see, also, Boatswain v. Univac Div. of Sperry Rand (65 Misc 2d 348). The court has not reached any determination of these issues, nor has it considered the perhaps most dubious aspect of plaintiff’s case: the supposititious “agency” status of the UN headquarters personnel, and the doubtful proposition that plaintiff can prevail on this theory, or sustain her alternative contention that these officials are engaged in an actionable conspiracy against her.
By way of additional relief, the United States Attorney has requested an order restraining plaintiff from prosecuting fur *117 ther suits against -UN officials as a mechanism of extracting support from Mr. Menon. This court possesses no such broad equitable powers. (Circulation Assoc. v. Mother’s Manual, 53 Misc 2d 225.) However, the lengthy chronicle of Mrs. Menon’s indefatigable pursuit of Mr. Menon in the Supreme Court and the Family Court which has recognized the immunity of the UN from sequestration in its order of November 6, 1969 annexed to plaintiff’s papers) indicates that she is unlikely to let matters rest with this rebuff. Article 18 of the New York City Civil Court Act which establishes small claims procedure, and particularly section 1803, vests this court with the right to limit a litigant’s access to small claims process to prevent abuse. Such a limiting order is particularly appropriate here, because the UN officers have been relying upon the provisions of the treaty establishing the territorial immunity of UN headquarters from the service, of process (Treaty, § 9-a) and rejecting mailed service of these small claims summonses. The unlooked for consequence has been the automatic entry of default judgments. While this court refrains from the assertion of any injunctive powers over Mrs. Menon, it can and hereby does direct the Clerk of the Small Claims Part to reject any further suits tendered by her, or by any agent or assignee, against any and all United Nations personnel.
It is so ordered.