OPINION OF THE COURT
William D. Friedmann, J.
Applications to dismiss these two unrelated proceedings put in focus the question of “adjudication finality” in small claims under the New York City Civil Court Act (CCA).
THE CLAIMS
These proceedings are illustrative of a relatively small but troublesome number of small claims where litigants refuse to accept the fact that their claims have reached finality, or where for various reasons, they continue to resort to small claims procedures for improper purposes including deliberate oppression or harassment of their claim opponents.
In Action No. 1, claimant Chang sought $150 for “Fabricated fact and unjustifiable extra charge for legal services rendered.” This claim was filed six days after defendant Chiariello secured a small claims arbitration award of $150 for “Legal services rendered”. Upon call of the calendar and application of Chiariello, and following court inquiry, it was determined that an identity of parties in *187 reversed position, as well as an identity of subject matter, existed.
In Action No. 2, claimant Palumbo sought $1,000 for “Personal Loan”. This claim being filed a few weeks after defendant Paoloni had secured a judgment against Palumbo, after court trial, for $285.50 for “Refusal to pay back personal loan for air tickets”. The earlier trial was followed by a new trial motion by Palumbo’s attorney, which motion was denied. Although trial minutes were ordered, and subsequently delivered, there was a failure to perfect an appeal. Upon application of defendant Paoloni, Action No. 2 was referred to this court, which following inquiry, determined that an identity of parties in reversed position, as well as an identity of subject matter, existed.
BACKGROUND
The history behind the establishment of the Small Claims Part of the Civil Court of the City of New York (L 1934, ch 598) and its subsequent statutory lineage indicate that through the use of relaxed or adjusted procedure and evidence, small claims was devised to meet the challenge of providing quick, simple and inexpensive justice (Levins v Bucholtz, 208 Misc 597 [App Term, 1st Dept], affd 2 AD2d 351; Buonomo v Stalker, 49 AD2d 733; and see Comment, The Nature and Operation of the New York Small Claims Courts, 38 Albany L Rev 196; King, Small Claims Practice in the United States, 52 St. John’s L Rev 42). However, the usefulness of the Small Claims Part to the litigants for whose benefit it was created, relying on the outcome of such lawsuits requires that finality and certainty should attach to small claims proceedings.
CONCLUSIONS
Upon balance of all possible considerations, this court determines that small claims adjudications should not be interfered with except for the most compelling reasons. This desired “End” is clearly prescribed by the statutory mandate which limits an appeal from judgments rendered by a Small Claims Judge to the sole ground that “substantial justice has not been done between the parties according to the rules and principles of substantive law” (CCA, § 1807).
*188 It should be noted that litigants have the option of submitting their controversy to court-appointed arbitrators who are experienced, qualified, and carefully selected attorneys. In order to do this litigants are first informed that an arbitrator’s award is final. They must also be informed that by making this election to go before an arbitrator, they are waiving their right to appeal. (Trager v Abalene Blouse & Sportswear Corp., 1 Misc 2d 952 [App Term, 1st Dept].)
Confidence in small claims adjudications and the integrity of the administration of the Small Claims Part of the Civil Court are essential because of its expanded jurisdiction and use. It is noted that the original small claims jurisdictional amount of $50 has been increased on various occasions to its present level of $1,500 (L 1980, ch 902). Further, for the past 10 years, more than 60,000 New York City small claims proceedings, have been filed each year and with more and more public attention being directed towards the availability of “Peoples” or “Small Claims” forums (see, e.g., The People’s Court, ABC National Television re-enactments), and more use can be reasonably projected.
As previously indicated, simplified practice is permitted and encouraged in the Small Claims Part, however, the Civil Court Act nevertheless directs that any small claims action be based upon “substantial justice * * * according to the rules of substantive law” (CCA, § 1804; Jewett v Jewett, 79 Misc 2d 76). Hence, “[w]hile the court may relax the rules of procedure and evidence, the substantive result in the Small Claims Court should not be different than in any other court” (Hanbridge v Catholic High School Assn. of Archdiocese of N. Y., NYLJ, March 11, 1982, p 6, col 6; p 7, col 3).
Substantive law defenses such as Statute of Limitations, release, disability, discharge in bankruptcy, or Statute of Frauds, etc., are frequently utilized by or on behalf of litigants in small claims, but the restrictive phraseology of section 1808 of the CCA, carried over from former section 186 of the New York City Municipal Court Code, in permitting the use of a res judicata defense “only as to the amount involved in the particular action” has caused not *189 only confusion but has bred conflicting and counterproductive results (see Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, CCA, § 1808, 1981-1982 Pocket Part, p 126, “Judgment obtained to be res judicata in certain cases”; cf. the following which strictly construe small claims, res judicata, Auster v Princess Fabrics, 174 Misc 1096; Kroll v Ippolipo, 184 Misc 596 [App Term, 1st Dept]; Supreme Burglar Alarm Corp. v Mason, 204 Misc 185; Stern v Hausberg, 22 AD2d 669, with the more liberal approaches in Levins v Bucholtz, 208 Misc 597, supra; Rosen v Parking Garage, 40 Misc 2d 178).
In seeking claim finality, attention is directed to the little used section 1810 of the CCA “Limitation on right to resort to small claims procedures” (L 1963, ch 564). This section authorized a court order of preclusion from prosecution upon grounds of estoppel by judgment or improper utilization of small claims following inquiry and finding by the court “that the claim has already been adjudicated”, or “that the claim is sought to be brought on solely for purposes of oppression or harassment and not under color of right” (Menon v Weil, 66 Misc 2d 114).
This court finds that in applying both sections 1808 and 1810 of the CCA to Action No. 1 that this subsequent claim is barred as involving the same subject matter, including exact amount of sought recovery. Joint use of these sections overcomes the reversed position of the litigants and the express restrictive phraseology included in section 1808 of the CCA. Recovery in Action No. 2, involving the same subject matter, but not the same stated amount or position of the litigants is likewise barred by a dual application of these sections. In making this determination the court finds that both claimants were aware of the prior adverse adjudications, but chose to ignore them. Such attempts at avoidance constitute improper resort to small claims procedures.
The Appellate Term, First Department, in Levins v Bucholtz (supra, p 601) succinctly set forth the guide that should be followed, in order to insure that confidence remains in the judicial processes of the Small Claims Part: “The Small Claims Part, born of enlightened vision, was a single step forward in the march towards an improved *190 administration of justice. The cause of justice is ill-served in the denial to the judgments of this important court of their intended stability and the consequent undermining of its usefulness.”
In light of the troublesome phraseology of section 1808 of the CCA, and the lack of clarity of authorization of a direct application by a litigant to the court under section 1810 of the CCA, it seems to this court that the State Legislature should consider bringing section 1808 in conformity with CPLR 3018 (subd [a]) and 3211 (subd [a], par 5) so as to expand the pleading and use of res judicata in small claims and by amending section 1810 of the CCA so as to authorize direct applications by an affected litigant.
Accordingly, a sound administration of justice in applying sections 1808 and 1810 of the CCA, notwithstanding their present language, requires that orders be entered dismissing both actions.