Kari L. COOK, Appellant,

v.

Nancy WOZNIAK and Patrick Wozniak, Appellees.

No. 3–885A207.

Court of Appeals of Indiana, Third District.

Nov. 24, 1986.

---

R. Kent Rowe, Jerry E. Huelat, Rowe & Laderer, South Bend, for appellant.

Mark Lienhoop, Newby, Lewis, Kaminski & Jones, La Porte, for appellees.

GARRARD, Judge.

In this interlocutory appeal we are asked to determine the effect of Small Claims Rule 11(F), which provides:

"A judgment shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court."

The appellees having elected to file no brief, we accept appellant Cook's statement of the facts upon which the issue arises.

On October 11, 1983 an automobile collision occurred between vehicles driven by Cook and Nancy Wozniak. Wozniaks commenced an action against Cook in the Small Claims Division of the LaPorte County Court. Cook initially filed a counterclaim for her damages but later dismissed it without prejudice and commenced a separate action in the LaPorte Circuit Court.

Cook moved to transfer the small claims action to circuit court but was unsuccessful. Wozniaks then answered the complaint in circuit court and counterclaimed for personal injuries sustained by Mrs. Wozniak and damages to the Wozniak vehicle.

In June 1984, the Wozniaks' action in Small Claims Division was submitted for trial with Wozniaks submitting evidence of property damage, storage costs and loss of use of their automobile in an amount exceeding $2,000. They were awarded judgment against Cook for $1201.50 plus costs. Cook paid the judgment.

Later when a pretrial conference was conducted in the action brought by Cook in circuit court it appeared that Wozniaks were still seeking damages for damage to their automobile, storage costs and loss of its use. Cook moved for partial summary judgment to remove those claims from the case. The motion was denied and the issue was then certified for appeal. The question is whether the small claims recovery was res judicata on the question of all damages owing to Wozniaks for damage to their automobile, loss of its use, and storage costs incurred as a consequence of the collision. We hold that it was.

Obviously, Small Claims Rule 11(F) is designed to limit the res judicata effect of judgments secured in small claims divisions of our court system. It seems apparent that the reason for restriction relates to the substantial informality of small claims proceedings coupled with the jurisdictional limitations on the amounts and types of controversies which may be litigated. The New York courts have identified such a purpose in that state's similar rule. *See Supreme Burglar Alarm Corp. v. Mason* (1953), 204 Misc. 185, 122 N.Y.S.2d 398, 399. The purpose of the rule is to limit the conclusive effect of small claim judgments to the very claim determined in the action. *Id.*

Two things are noteworthy concerning the language of SC 11(F). First, it simply refers to "res judicata." This term is sufficiently broad to encompass both phases of the doctrine (claim preclusion and issue preclusion) and avoids the confusion which seems to attend our efforts to label either aspect. *See, e.g., South Bend Fed. Teachers v. Nat'l. Ed. Assoc.* (1979), 180 Ind.App. 299, 389 N.E.2d 23 which also employs the

terms "estoppel by judgment," "collateral estoppel" and "estoppel by verdict."

Secondly, the rule declares that res judicata applies "as to the *amount involved.*" (our emphasis) We believe this clearly imports more than the recovery, if any, actually had. As the New York court observed in *Mason, supra,* if the rule permitted a plaintiff who recovered nothing in a small claims action to sue again on the same claim in another court, the small claims proceeding and judgment would be "sheer futility."

Moreover, we find no basis either in the language of the rule or in the law generally for the distinction the dissent would draw based upon which party commences the second action.

Instead it appears that the rule was intended primarily to limit issue preclusion where some fact in the small claim action is at issue in another case. It is stated broadly enough, however, to also apply to claim preclusion to the extent that claim preclusion would ordinarily bar all matters which might have been litigated but were not actually litigated in the small claims action. *See Town of Flora v. Indiana Service Corp.* (1944), 222 Ind. 253, 53 N.E.2d 161. This would be in keeping with a limitation whose purpose was to discount far reaching effects based upon the informality of a small claims proceeding and the limited exposure for liability.

On the other hand, the sole purpose of the doctrine is to bring finality to judicial proceedings and protect litigants from being harassed by being called upon to repeatedly defend against the same claim. That purpose is furthered by applying res judicata not just to the amount recovered but to the amount involved in the claim which was litigated.

In the instant case the amount involved in the small claims suit was the damages suffered by Wozniaks in property damage to their auto, storage costs and loss of use. As previously mentioned, they presented evidence claiming that such damages exceeded $2000 and secured a judgment for $1201.50.

That judgment is res judicata upon their claim for such damages and the trial court should have granted partial summary judgment removing that portion of their counterclaim.

Reversed and remanded for such further proceedings as may be necessary consistent herewith.

HOFFMAN, J., concurs.

STATON, P.J., dissents and files separate opinion.

STATON, Presiding Judge.

I dissent from the Majority since they have re-drafted the rule to include a concept never contemplated by the original drafters of the rule. They have re-drafted Small Claims Rule 11(F) to read as follows:

> A judgment shall be res judicata only as to the issue involved in the particular action and shall not be considered an adjudication of any other issue in any other action or court.

The actual text of the Rule reads as follows:

> *"Effect of Judgment.* A judgment shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court."

Section 1808 of the New York City Court Act is virtually identical to the Indiana Small Claims Rule 11(F). It provides:

> Judgment obtained to be res judicata in certain cases. A judgment obtained under this title may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court. (Formerly § 186 of the New York City Municipal Court Code.)

In *Auster v. Princess Fabrics, Inc.* (1940), 174 Misc. 1096, 22 N.Y.S.2d 686, the Court had essentially the same fact situation before it as in the present case. A judgment was entered for the plaintiff in a specific

amount as his damages. Later in a second action, the defenses of res adjudicata and accord and satisfaction were raised. The judgment in the small claims court had been paid. As to these defenses the Court held:

> If the judgment were procured in the Municipal Court itself, or in any other court, I think it would be res adjudicata. (Citation omitted.) But that is not so where the judgment is obtained in the Small Claims Part. The statute changes the rule, so that any judgment in the Small Claims Part is res adjudicata only as to the amount involved and as to nothing else, (Citation omitted).

In a second action where the plaintiff had received a judgment in the small claims court below as presented here, the issue and facts surrounding the amount of damages would be a proper counterclaim under Rule 11(F); however, the amount of the judgment would be offset against any larger amount received in the second action. If this were not so under the clear, unambiguous language of the Rule, the defendant in the small claims court could limit his liability exposure by postponing any action in another court of greater jurisdiction. If the plaintiff in the small claims court should later learn that the extent of his injuries and damages were far greater than he first expected, he would be helpless to assert a valid counterclaim. There is no provision in the Rules for a waiver by the plaintiff. There is nothing in the Rules to contradict this concept of fairness.

There appears to be some motivation in the Rules for the defendant with a counterclaim or a good cause of action which exceeds the jurisdiction of the small claims court to file a separate action. If he does not file a separate action and waives the excess of his counterclaim in the small claims court, he cannot bring a separate action later for the excess of his counterclaim. Small Claims Rule 5(B) provides: *Counterclaim in Excess of Jurisdiction.* The defendant in a counterclaim may waive the excess of his claim over the jurisdictional maximum to bring it within the jurisdiction of the small claims docket. If the defendant elects to waive a portion of his counterclaim he may not later maintain a separate action for the remainder of such claim.

When Small Claim Rules 11(F) and 5(B) are read together, they suggest that the drafters were primarily concerned with protecting the defendant who had a counterclaim from the defense of res adjudicata in a later action in another court with different jurisdictional limits. However, the language of the Rules does not prohibit a plaintiff from re-asserting his original claim in a second action brought by the small claims court defendant. The language in Small Claims Rule 11(F) is almost identical to the New York rule. It has been interpreted to mean res adjudicata as to the amount only and later litigation as to the issue of damages and the facts reflecting those damages may be re-litigated in another action and in another court. *Auster,* supra.

Therefore, I dissent from the re-drafting of Small Claims Rule 11(F) by the Majority, and I would affirm the judgment of the trial court.