Emma **JOHNSON**, Appellant–Claimant,

v.

Steve **ANDERSON**, AOK Karate Studios, Appellee–Defendant.

No. 49A05–9109–CV–317.

Court of Appeals of Indiana, Fifth District.

May 7, 1992.

---

Kenneth J. Falk and Kathryn Williams, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant-claimant.

Casey D. Cloyd, Anthony M. Campo & Associates, Indianapolis, for appellee-defendant.

SHARPNACK, Judge.

Emma Johnson appeals an adverse judgment on her claim against Steve Anderson, d/b/a AOK Karate Studios (AOK), in the Marion Superior Court under the Deceptive Consumer Sales Act, Ind.Code §§ 24–5–0.5–1 *et seq.* The trial court found that her claim was barred under the doctrine of res judicata and entered judgment for AOK. We reverse.

The sole issue presented for review is:

Whether a prior small claims court judgment in favor of AOK on its claim of breach of contract precluded Johnson from bringing an action for damages under the Deceptive Consumer Sales Act in the amount of the small claims court judgment.

The parties do not dispute the facts as found by the trial court in this case. Steve Anderson was the sole owner and proprietor of AOK. On January 2, 1989, Johnson and her three children went to AOK to investigate the possibility of enrolling her two oldest sons in karate lessons. Johnson toured the facility and viewed a videotape that indicated that a child could join the facility for $65.00 per month, but that family programs were available. Johnson indicated to Anderson that she did not believe she could afford that price. Anderson responded that January 2 was the last day of the special which would allow her sons to join at the 2–for–1 price. After further discussion, Anderson informed Johnson that she could void the contract if she could

not make payments. Johnson read the contract and pointed to language stating that there could be no oral modification of the contract, but Anderson told her that he was the owner and not to worry. Johnson then signed the contract.

The following month, Johnson attempted to contact the studio to cancel the contract due to her financial condition, but she was unsuccessful. On May 22, 1989 Johnson filed a detailed complaint against AOK studios with the Office of the Attorney General and Anderson received a copy of the complaint. On May 30, AOK filed a complaint against Johnson in small claims court alleging breach of contract and seeking damages of $65.00 per month for the two-year duration of the contract. Johnson appeared at the hearing unrepresented and the court entered judgment for AOK in the amount of $2,347.50 plus court costs. AOK fully satisfied the judgment through garnishment of Johnson's wages. The Attorney General's office did not pursue the matter after the small claim action was commenced by AOK.

On January 29, 1990, Johnson filed in Marion County Superior Court the complaint that is the focus of this appeal. In its answer, AOK averred that Johnson's action was barred by res judicata. Following a hearing, at which Johnson was represented, the trial court entered judgment for AOK accompanied by special findings. The court found that Anderson had in fact violated I.C. § 24–5–0.5–3(a); however, the trial court denied Johnson recovery because it found that her action was barred by res judicata:

"Notwithstanding the foregoing Conclusions, this action is barred by the judgment taken against the Plaintiff in the Perry Small Claims Court. Indiana Small Claims Rule 11(F)[1] clearly indicates that a judgment is *res judicata* as to the amount involved in that action. The amount involved in such action is the same amount involved in the present case. The Plaintiff in this case seeks to declare void and unenforceable the very contract that gave rise to the Perry Small Claims court judgment. That judgment could be appealed, but is not subject to collateral attack, even though this Court finds that such judgment was clearly erroneous."

(Record, 31.)

A brief discussion of the doctrine of res judicata is needed in this case. The doctrine of res judicata has two main branches: claim preclusion and issue preclusion.[2] The former applies to preclude subsequent litigation of every question that was within the issue of the original claim and that might have been litigated in that action. *Biggs v. Marsh* (1983), Ind.App., 446 N.E.2d 977, 981–982. Such preclusion extends to issues that might have been asserted as defenses in the original action and are later alleged as a basis for recovery in a claim brought by the party who could have asserted the defenses. *Olds v. Hitzemann* (1942), 220 Ind. 300, 307, 42 N.E.2d 35, 38; *See also Lear Resources, Inc. v. Uland* (1985), Ind.App., 485 N.E.2d 134, 137.[3] The latter branch applies where

---

**1.** It is apparent from context that the trial court was referring to S.C.R. 11(E), the text of which is identical to 11(F) prior to a 1989 amendment of S.C.R. 11.

**2.** Both branches have certain elements in common: there must have been a final judgment, in an action between the parties to the present suit or their privies, rendered by a court of competent jurisdiction, on the merits of the claim asserted as being res judicata. *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 585, 364 N.E.2d 1024, 1033.

**3.** The Restatement (Second) of Judgments provides a somewhat different approach. Section 18 describes the general rule of merger as follows:

"When a valid final judgment is entered in favor of the plaintiff:
1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action on the judgment; and
2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action."
RESTATEMENT (SECOND) JUDGMENTS § 18 (1982). However, section 22 provides:
(1) Where the defendant may interpose a claim as a counterclaim but he fails to do so, he is not thereby precluded from subsequently maintaining an action on that claim, except as stated in Subsection (2).

a particular issue that was actually adjudicated in the prior action is raised in a subsequent suit upon a different cause of action. *Middelkamp*, 173 Ind.App. at 585, 364 N.E.2d at 1033.

■ There is an additional aspect of preclusion doctrine that, although not technically within the realm of res judicata, is often referred to under that general nomenclature. *Middelkamp* 173 Ind.App. at 586, 364 N.E.2d at 1034. Ind. Trial Rule 13(A) describes a class of claims, compulsory counterclaims, which must be brought against an opposing party or they will be precluded in subsequent actions between the parties. *Id.* However, Johnson correctly asserts that there are no compulsory counterclaims in small claims court. S.C.R. 5(A); *Buckmaster v. Platter* (1981), Ind. App., 426 N.E.2d 148, 150.

■ AOK argues that Johnson could have raised the facts relied upon in her subsequent claim as a defense to the small claims action. AOK claims that Johnson had the defense of illegality available to her in the small claims action. Johnson, however, counters that violation of I.C. § 24–5–0.5–1, et seq., gives rise not to a defense, but to a counterclaim for rescission or damages. Johnson correctly asserts that there is no reference in the act to its use as a defense, but that the statute does contemplate violation of the act being asserted as a counterclaim to an action on a contract. I.C. § 24–5–0.5–5(b).

We agree with Johnson's assertion that her allegations regarding AOK's violation of § I.C. § 24–5–0.5–3, if asserted in the small claims action, would have properly been characterized as a counterclaim, not as a defense. We disagree with AOK's contention that Johnson had the defense of illegality available to her in the small claims action. It is true that, generally, contracts made in violation of a statute are void. *Noble v. Alis* (1985), Ind.App., 474 N.E.2d 109, 111. However, neither the object of, nor the consideration for, the contract in this case contravened any statute of which we are aware. AOK's statements inducing the contract violated I.C. § 24–5–0.5–3(a), but that statute does not render contracts resulting from such statements void; rather, it creates a cause of action for which one of the remedies is to have a court declare the contract void. I.C. § 24–5–0.5–4(d). We need not address whether AOK's deceptive acts gave rise to any other defenses, however, because we conclude that S.C.R. 11(E) prohibits the application of preclusion doctrine in this case.

■ The only reported Indiana case dealing with rule 11(E) is *Cook v. Wozniak* (1986), Ind.App., 500 N.E.2d 231 *trans. granted and opinion adopted* (1987), Ind., 513 N.E.2d 1222. In *Cook*, the court addressed the question of whether a small claims judgment for damages arising from a car accident barred the victorious party from counterclaiming for additional damages in a circuit court suit filed by the opposing party for damages to her vehicle. The Wozniaks, the plaintiffs in the small claims action, had sought damages exceeding $2000 in that action, but they were awarded $1201.50. The appellate court examined the Wozniaks' contention that S.C.R. 11(F) (now 11(E)) only barred their counterclaim as to the amount they had actually recovered, but did not bar them from seeking additional damages. In reaching its conclusion, the court explained:

(2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:

(a) The counter is required to be interposed by a compulsory counterclaim statute or rule of court, or

(b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment....

RESTATEMENT (SECOND) OF JUDGMENTS § 22 (1982) Comment (b) indicates that section 22 is intended to apply to the situation where facts constituting a defense are grounds for a counterclaim, the situation before this court. Because the defendant's claim against the plaintiff is not normally merged into the judgment, section 18 does not prevent the defendant from later bringing his claim, although that section would prevent him from interposing it as a defense in an action on the judgment. RESTATEMENT (SECOND) OF JUDGMENTS § 22 comment b.

"[I]t appears that the rule was intended primarily to limit issue preclusion where some fact in the small claim action is at issue in another case. It is stated broadly enough, however, to also apply to claim preclusion to the extent that claim preclusion would ordinarily bar all matters which might have been litigated but were not actually litigated in the small claims action. This would be in keeping with a limitation whose purpose was to discount far reaching effects based upon the informality of a small claims proceeding and the limited exposure for liability."

*Id.* (citations omitted). However, the court also looked to the purposes of res judicata: to bring finality to judicial proceedings and to prevent harassment of litigants who might otherwise be called upon to repeatedly defend against the same claim. *Id.* The court concluded that the phrase "as to the amount involved" encompassed more than the actual recovery and extended to the amount involved in the claim litigated. The court therefore held that the small claims judgment was res judicata with regard to the Wozniaks' counterclaim. *Id.* at 233.

We conclude that the clear language of S.C.R. 11(E) prohibits the application of res judicata in this case. By its terms, S.C.R. 11(E) limits the application of res judicata to claim preclusion and in turn further limits that application to the "amount involved." *Cook*, 500 N.E.2d at 231. As noted in *Cook*, the limitation is broad enough to prohibit claim preclusion to the extent that the doctrine would otherwise bar matters that might have been litigated but were not. *Id.* Such is the fair effect of S.C.R. 11(E)'s statement that a small claims judgment "shall not be considered an adjudication of any fact *at issue*

in any other action or court." (emphasis added). It is true that S.C.R. 11(E) arguably would not affect the preclusive effect of a small claims judgment where, in an action on the judgment, the defendant attempts to interpose defenses previously available. Conceptually, an action on the small claims judgment is the same as an action upon the underlying claim, the underlying claim having merged into the judgment. However, in the case before us, the small claims judgment had been completely satisfied. Johnson's complaint for recovery based upon AOK's deceptive practices was clearly a separate claim based upon a statutory cause of action, even if the facts alleged therein could have been pleaded as a defense in the small claims action, and S.C.R. 11(E) prohibits the prior judgment being considered an adjudication of any fact at issue in that separate action.

For the reasons set forth above, we reverse the judgment of the trial court. However, the trial court has determined the issue of liability favorably to Johnson, except for the application of res judicata, as to which we reverse, and the findings in that regard have not been challenged. We therefore remand to the trial court to determine the damages that Johnson is entitled to recover.

**REVERSED AND REMANDED.**

BARTEAU and BUCHANAN, JJ., concur.