Bruce L. MORETON and Janet F. Moreton, d/b/a AHR Construction & Remodeling, Appellants–Defendants,

v.

AUTO–OWNERS INSURANCE, as Subrogee of Jackie A. Gentry and Bill Gentry, Appellee–Plaintiff.

No. 49A05–0602–CV–60.

Court of Appeals of Indiana.

Jan. 17, 2007.

Richard K. Shoultz, Sonia C. Das, Lewis Wagner, LLP, Indianapolis, IN, Attorneys for Appellants.

Casey D. Cloyd, Bradburn & Cloyd, Leroy M. Wheeler, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Bruce and Janet Moreton d/b/a AHR Construction & Remodeling ("AHR") appeal the denial of their motion for summary judgment in a lawsuit filed against AHR by Auto–Owners Insurance. Auto–

Owners is the insurer of the home of Bill and Jackie Gentry and is the partial subrogee of the Gentrys' claim against AHR for damages occurring to the Gentrys' home following work by AHR. Because Auto–Owners, as the Gentrys' insurer and subrogee, was not bound by Gentry's counterclaim for his uninsured damages in AHR's small claims action against Gentry for payment of the contract price, we affirm the denial of AHR's summary judgment motion and remand for further proceedings.[1]

## FACTS AND PROCEDURAL HISTORY

In March 2003, Bill and Jackie Gentry contracted with AHR to re-roof their home. In May 2003, their house and property was damaged in a rainstorm, allegedly as a result of AHR's work. Auto–Owners Insurance insured the Gentrys' house and personal property. It paid $25,069.24 to the Gentrys. However, the policy had a $500.00 deductible and the Gentrys had an additional $3,300.00 in damages Auto–Owners did not pay. When they received payment from Auto–Owners, the Gentrys signed a proof of loss form, which assigned their claim to Auto–Owners "to the extent of the payment above made," (Auto–Owners App. at 11), and permitted Auto–Owners to enforce the assigned claim.

In October 2003 AHR sued Gentry[2] in small claims court, asserting Gentry owed AHR for the work it had performed. Gentry counterclaimed seeking $3,327.00 to cover "loss from water damage not covered by insurance." (Appellant's App. at 49.) The small claims court found for AHR on both the claim and the counterclaim.

In June 2004, Auto–Owners, as the Gentrys' subrogee, sued AHR alleging negligence and breach of contract. Auto–Owners' complaint was for the insured loss only, but its claim arose from the same contract and damages as did the Gentrys' small claims counterclaim. AHR moved for summary judgment and its motion was denied. AHR requested the trial court certify its decision for interlocutory appeal, which the court did, and we accepted jurisdiction.

## DISCUSSION AND DECISION

When reviewing a denial of summary judgment, our well-settled standard of review is the same as it is for the trial court: we determine whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 973 (Ind. 2005). Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* All evidence must be construed in favor of the party opposing summary judgment, and all doubts as to the existence of a material issue must be resolved against the moving party. *Id.*

AHR characterizes as "dispositive of the entire case ... that [Small Claims Rule] 11(F) bars [Gentry][3] from initiating future litigation against AHR to relitigate" any claims that were or could have been litigated in small claims court. (Br. of Appellant at 5) (footnote added).[4]

---

1. We heard oral argument in Indianapolis on September 6, 2006.

2. The defendant was captioned as "William Gentry Const."

3. As Gentry did not "initiate" the litigation at issue in the case before us, we presume AHR's reference to Gentry is a reference to Auto–Owners as Gentry's subrogee.

4. AHR also raises S.C.R. 5(B), which pro-

The Rule relied on by AHR provides: "A judgment shall be *res judicata* only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court." Ind. Small Claims Rule 11(F). Four elements determine whether a judgment has *res judicata* effect: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was, or might have been, determined in the former suit; 3) the particular controversy previously adjudicated must have been between the parties to the present suit or their privies; and 4) the judgment in the former suit must have been rendered on the merits. *Cox v. Ind. Subcontractors Ass'n, Inc.*, 441 N.E.2d 222, 225 (Ind.Ct.App.1982).

This case is controlled by *Chemco Transport, Inc. v. Conn*, 527 N.E.2d 179 (Ind.1988), where our Indiana Supreme Court determined an insured was not sufficiently a party to a subrogation action brought by his insurer on his behalf and thus *res judicata* did not bar the insured from pursuing full damages against tortfeasor with a corresponding setoff right in the tortfeasor for the amount the insurer paid to the insured.

Therein, Conn was driving his tractor with trailer attached when he struck Chemco's trailer as it backed onto the highway. Conn's trailer was damaged and Conn was injured. Conn's insurance carrier, Protective Insurance Company, paid Conn for some of the value of the tractor and for partial loss of use. Conn then sued Chemco in the Cass Circuit Court seeking damages for loss of the tractor, loss of its use, and personal injuries.

About a year and a half later Protective, pursuant to its right of subrogation, sued Chemco in Marion County, seeking the same damages Conn had sought in the Cass County action. Conn was also named as a plaintiff. The Marion County action was settled and dismissed with prejudice. Based on the dismissal of the Marion County case, Chemco moved for summary judgment in Cass County on the questions of damages for the loss of the tractor and damages for loss of use.

The trial court denied Chemco's summary judgment motion and our Indiana Supreme Court affirmed. It determined Conn was not sufficiently a party to the Marion County action for that action to be *res judicata* regarding the issues in Cass County. "Although it is true that Protective had the right to pursue its subrogation claim in Conn's name, Conn reserved the right to pursue his claim since Protective only partially compensated him for his loss." *Id.* at 182. The trial court was justified in finding Conn was not a party, for *res judicata* purposes, in the Marion County case as he was not directly interested in the subject matter and had no right to control the prosecution of the ac-

---

vides: "Any defendant pursuing a counterclaim to decision waives the excess of *the defendant's* claim over the jurisdictional maximum of the small claims docket and may not later bring a separate action for the remainder of such claim." (Emphasis supplied.) The "defendants' claim" in the small claims case was Gentry's claim for damages not covered by the Auto–Owners policy. The claim at issue before us is Auto–Owners' separate action for what would have been "the remainder" of defendant Gentry's claim, but for the fact that Gentry subrogated the claim for those damages to Auto–Owners in exchange for Auto–Owners paying $25,069.24 to the Gentrys for damages allegedly caused AHR's faulty roofing. Accordingly, as discussed further in the text, Auto–Owners was not the "defendant" who pursued the counterclaim in small claims court, and Gentry's counterclaim cannot be held to preclude Auto–Owners separate action. *See Chemco Transport, Inc. v. Conn*, 527 N.E.2d 179, 183 (Ind.1988).

tion since it was commenced by Protective, his insurer. *Id.* at 183.

While the roles of the insurer and the insured are reversed in the case before us, the *Conn* reasoning leads us to the same result. Gentry's small claims action was for uninsured damages only; Auto–Owners was not a party to that action and did not participate in it. Like Conn, Auto–Owners was not sufficiently a party to the small claims action for that action to be *res judicata* regarding issues raised by Auto–Owners.

Conn had no control over Protective's actions and presumably could not have controlled its actions as he did not know the suit had been filed. *Id.* Auto–Owners similarly lacked control over Gentry's actions and apparently was not aware Gentry had brought his counterclaim in the small claims court. Our Indiana Supreme Court held Conn had the right to pursue his full damages against Chemco with corresponding set-off right in Chemco for the amount paid by Protective to Conn. *Id.* For the same reasons articulated by the *Conn* court, we cannot say the trial court erred in denying AHR's motion for summary judgment.

We accordingly affirm the denial of AHR's motion for summary judgment and remand for further proceedings.

Affirmed and remanded.

RILEY, J., and BAILEY, J., concur.