# FOR PUBLICATION



FILED
Aug 08 2014, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

<u>ATTORNEYS FOR APPELLANT:</u>

**ROBERT G. GRANT**
**T. BLAKE ORNER**
Grant & Grant
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GEICO INSURANCE COMPANY,　　　　)
as subrogee of RALPH HEITKAMP　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Appellant-Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　vs.　　　　　　　　　　　　　)　　　No. 49A02-1310-CT-898
　　　　　　　　　　　　　　　　　　　)
DIANNA GRAHAM　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Appellee-Defendant.　　　　　　　)

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia Ayers, Judge
Cause No. 49D04-1109-CT-37292

**August 8, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Insured motorists are called upon every day to pay their deductibles in order for their carriers to cover the necessary repairs to their motor vehicles after accidents. Many carriers refuse to include those deductibles in the subrogated claims they make against the other motorists involved in accidents with their insureds. Because they are left on their own, insured motorists often later sue the other motorist(s) involved in those accidents in a small claims court to recover the deductible amounts they paid. And, almost as often, these insured motorists are successful in the small claims action for their deductibles. But here, Geico Insurance Company's ("Geico's"), insured, Ralph Heitkamp ("Heitkamp"), lost his claim for his deductible in the Small Claims Division of the St. Joseph Superior Court. As a result, Geico now appeals the order of the Marion Superior Court granting a motion filed by the other motorist involved in the accident at issue, Dianna Graham ("Graham"), seeking to set aside the court's earlier entry of summary judgment in favor of Geico. On appeal, Geico claims that the trial court erred in concluding that a prior small claims judgment in favor of Graham acted as *res judicata* to bar Geico's claims against Graham.

We affirm.

### Facts and Procedural History

On October 2, 2009, Graham and Heitkamp's wife, Janet Heitkamp ("Janet"), were involved in an automobile accident. Janet was insured by Geico under her husband's policy. Geico paid $7,540.22 to Heitkamp under the policy, and Heitkamp and Janet signed a release in which they released all claims against Geico and promised not to compromise Geico's subrogation rights.

2

Heitkamp, however, filed a small claims action in St. Joseph County against Graham in August 2011, claiming that Graham was at fault in the accident and seeking to recover the $500 deductible he had paid to Geico almost two years earlier. Little more than a month later, on September 26, 2011, Geico, as Heitkamp's subrogee, filed a claim in Marion Superior Court against Graham seeking to recover the $7,540.22 it had paid to Heitkamp, again claiming that Graham was at fault in the accident.

Janet and Graham subsequently appeared before the Small Claims Division of St. Joseph Superior Court, and, on October 25, 2011, the small claims court entered judgment in favor of Graham, finding that Janet, not Graham, was at fault in the accident. Graham then sent a letter to the Marion Superior Court filed October 26, 2011, informing the court that there was a case "relating to this one [in Marion County] in South Bend, In," and maintaining that she was not at fault in the accident. Appellant's App. p. 13. The chronological case summary shows that a copy of this letter was sent to Geico's counsel.

Nevertheless, on February 13, 2012, Geico filed its motion for summary judgment in the Marion Superior Court case and a hearing was held on April 17. Although Graham appeared in person, she presented no designated evidence. On June 28, 2012, the Marion Superior Court entered summary judgment in favor of Geico.

On February 4, 2013, Graham, this time with the assistance of counsel, filed a motion to set aside the entry of summary judgment pursuant to Indiana Trial Rule

60(B)(6).[1]  The trial court held a hearing on the matter on June 12, 2013, and on October 1, 2013, entered an order granting Graham's motion to set aside the grant of summary judgment and dismissing Geico's claim.  The trial court concluded that Heitkamp's unsuccessful small claims action against Graham acted as *res judicata* to bar the claim against Graham by Geico.  Geico now appeals.

## I. *Prima Facie* Error Rule

Before addressing the merits of the current appeal, we note that Graham has not filed an appellee's brief.  When the appellee fails to submit a brief, we will not undertake the burden of developing an argument on her behalf.  Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006).  Instead, we will reverse the trial court's judgment if the appellant's brief presents a case of *prima facie* error.  Id.  In this context, *prima facie* error is defined as, "'at first sight, on first appearance, or on the face of it.'"  Id. (quoting Santana v. Santana, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)).  This "*prima facie* error rule" protects the court on appeal and takes from us the burden of controverting arguments advanced for reversal, a duty which remains with the appellee.  Mikel v. Johnston, 907 N.E.2d 547, 551 n.3 (Ind. Ct. App. 2009).  But even under the *prima facie* error rule, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required.[2]  Id.  And if the appellant is unable to meet the

---

[1]  Graham initially filed a *pro se* motion to set aside summary judgment on November 30, 2012. Counsel filed an appearance for Graham on January 31, 2013, and filed a motion to set aside on February 4, 2013.

[2]  We also note that the trial court entered a detailed order setting forth its reasoning for granting Graham's motion to set aside summary judgment and dismissing Geico's claims.  Still, "[w]e may affirm the trial court on any legal theory supported by the factual findings, even if the trial court used a different legal theory."  H.H. v. A.A., 3 N.E.3d 30, 33 (Ind. Ct. App. 2014) (citing Mitchell v. Mitchell, 695 N.E.2d 920, 923 (Ind. 1998)).

burden of establishing *prima facie* error, we will affirm.  Trinity Homes, 848 N.E.2d at 1068.

## II. Venue

We first observe that Geico chose to file the underlying suit in this appeal, regarding an accident that occurred in Mishawaka and that involved two St. Joseph County residents, in Marion County, 150 miles and almost three hours by auto away from the site of the accident at issue.  It is clear to any lay person, let alone an attorney, that either Elkhart County or St. Joseph County was the commonsense county of preferred venue.  See Ind. Trial Rule 75(A) (providing that preferred venue lies in "the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides," or "the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle[.]").  Absolutely nothing in the facts or circumstances of the accident would indicate that Marion County is a county of preferred venue.

In the case before us, Graham was uninsured, and therefore without the representation of insurance counsel normally provided under an auto insurance policy, counsel who would have immediately challenged Geico's choice of venue. And since Geico's subrogation claim was for an amount in excess of the jurisdiction of an Indiana small claims court, it was legally entitled to file its suit in the Marion Superior Court, or in any other county, for that matter.  A plenary case like the one at issue here may be filed and tried in any county, although a case must be transferred to a county of preferred

5

venue if a party files a motion to dismiss for improper venue. Ind. Trial Rule 75(A); Bostic v. House of James, Inc., 784 N.E.2d 509, 511 (Ind. Ct. App. 2003).

If Graham had filed a motion to transfer venue to St. Joseph County, the Marion Superior Court would have had no choice but to grant the motion. But she was unrepresented, did not know to do so, and this is not what happened. Graham instead notified the Marion Superior Court of the small claims action in St. Joseph County, filing a letter that stated in pertinent part:

> I am writing this letter to inform you that because of a case related to this one in South Bend, In on 10/25/11, I did not get my response in before the said date. I wanted to wait until after the above court date was finished. I am asking that this response be acknowledged before a judgment is entered.
>
> I do want it noted that I was not the one at fault because I was hit by the driver of the other car who was going to [sic] fast to stop. I had the light and the right of way (to turn). I am denying any blame of the accident.

Appellant's App. p. 13. Importantly, this letter was filed *after* the small claims court had already entered judgment in favor of Graham, and therefore, it could not serve as an effective request to change venue. Had Graham notified the trial court before the entry of judgment in the small claims court, her letter could have been, and should have been, considered as a request to change venue.[3] Even under the facts before us, Graham's letter, at the very least, put Geico on notice that another and earlier claim involving the accident between Graham and Geico's insured had already been filed.

---

[3] It could also have been considered as a motion to dismiss under Indiana Trial Rule 12(B)(8), which "permits the dismissal of an action when '[t]he same action [is] pending in another state court of this state.'" Beatty v. Liberty Mut. Ins. Grp., 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008) (citing T.R. 12(B)(8)). The rule applies where the parties, subject matter, and remedies are precisely the same or only substantially the same. Id.

6

# III.  Res Judicata

At issue here is whether and to what extent the small claims judgment in St. Joseph County acted as *res judicata* to bar Geico's claim against Graham in Marion County.

A. *Issue Preclusion and Claim Preclusion*

We recently summarized the law of *res judicata* as follows:

> The principle of *res judicata* is divided into two branches: claim preclusion and issue preclusion.
>
> The first of these branches, claim preclusion, applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies.  When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action.  The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.
>
> The second branch of the principle of *res judicata* is issue preclusion, also known as collateral estoppel.  Issue preclusion bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit.  If issue preclusion applies, the former adjudication is conclusive in the subsequent action, even if the actions are based on different claims.  The former adjudication is conclusive only as to those issues that were actually litigated and determined therein.  Thus, issue preclusion does not extend to matters that were not expressly adjudicated and can be inferred only by argument.  In determining whether issue preclusion is applicable, a court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue, and (2) whether it is otherwise unfair to apply issue preclusion given the facts of the particular case.  The non-exhaustive factors to be considered by the trial court in deciding whether to apply issue preclusion include: (1) privity, (2) the defendant's incentive to litigate the prior action, and (3) the ability of the plaintiff to have joined the prior action.

Angelopoulos v. Angelopoulos, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013), trans. denied.

Here, the trial court concluded that Heitkamp's unsuccessful small claims action against Graham acted as *res judicata* to bar the claim against Graham by Geico, Heitkamp's subrogee. In this regard, the order of the St. Joseph Superior Court Small Claims Division provided in relevant part:

> Pursuant to Indiana law, the Small Claims Court need not provide findings of fact or conclusions of law. Nevertheless, as a courtesy to the parties, the Court provides some explanation. Plaintiff [Heitkamp] bears the burden of proof in her claim. She must prove liability by a preponderance of the evidence.
>
> [Heitkamp] brings her claim against the Defendant [Graham] for an automobile accident. On October 2, 2009, [Heitkamp] and [Graham] were involved in a motor vehicle accident on McKinley Avenue, Mishawaka, IN. Both cars were damaged.
>
> In order for [Heitkamp] to prevail, she must show, *more likely than not*, that the accident was caused by [Graham]. Failure to have current insurance is not a basis to find fault in the accident. Rather, [Heitkamp] must show fault of [Graham] in the operation of the vehicle. While the police report concludes that [Graham] was at fault, the report contains no basis for such conclusion. The only statements provided in the report are that of [Heitkamp] and [Graham] and there are no admissions therein to causing the accident. An independent trial witness states that he was behind [Heitkamp]. He correctly notes an out of state license plate on [Heitkamp]'s vehicle. He states that *[Heitkamp]* proceeded through a red signal. There were apparently other persons in the area at the time of the accident, but the police report fails to identify anyone and no other witness statements are provided.
>
> With no other witnesses to the accident forthcoming, the Court cannot conclude that [Heitkamp] meets her burden to show, more likely than not, that [Graham] caused this accident.
>
> JUDGMENT. Costs paid.

Appellant's App. p. 32 (citation omitted) (italics in original). In the Marion Superior Court case before us, the trial court concluded that this small claims judgment acted as *res judicata* to bar Geico's current claim against Graham.

B.  *The Effect of Small Claims Rule 11(F)*

Geico claims that the trial court's conclusion was contrary to Indiana Small Claims Rule 11(F), which states, "A judgment shall be *res judicata* only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court."  As explained by our supreme court in In re Ault, Small Claims Rule 11(F):

> does not allow a party to relitigate a *claim* upon which judgment has been entered in a small claims case.  Cook v. Wozniak, 500 N.E.2d 231, 233 (Ind. Ct. App. 1986), *adopted and affirmed*, 513 N.E.2d 1222 (Ind. 1987) ("[to permit] a plaintiff who recovered nothing in a small claims action to sue again on the same claim in another court would be 'sheer futility.'").  Instead, [Small Claims Rule] 11(F) was intended primarily to "limit issue preclusion where some fact in the small claim action is at issue in another case," and to "also apply to claim preclusion to the extent that claim preclusion would ordinarily bar all matters which might have been litigated but were not actually litigated in the small claims action."  Cook, [500 N.E.2d] at 233.

In re Ault, 728 N.E.2d 869, 872 (Ind. 2000) (emphasis added).

In other words, Small Claims Rule 11(F) prohibits the application of issue preclusion based on a small claims judgment, but does not prohibit claim preclusion.  See id. (holding that attorney engaged in misconduct by filing the same claim in superior court after having been unsuccessful in small claims court and concluding that the subsequent suit was "*res judicata* because it was the exact claim litigated to conclusion in the small claims court."); see also Johnson v. Anderson, 590 N.E.2d 1146, 1150 (Ind. Ct.

9

App. 1992) (holding that Small Claims Rule 11(F)[4] limits the application of *res judicata* to allow only claim preclusion).

Here, Geico argues that Small Claims Rule 11(F) precluded the trial court from considering the small claims judgment as an adjudication of any fact. To the extent that Geico claims that the trial court erred when it applied the principles of the issue preclusion branch of *res judicata* in its resolution of this issue, we agree. However, as shown below, the principles of the claim preclusion branch of *res judicata* apply, and support the affirmance of the trial court's judgment.

In Johnson, supra, the defendant, Anderson, asserted a defense of *res judicata* to a claim brought against him by Johnson under the Deceptive Consumer Sales Act. Anderson claimed that the small claims judgment in his favor on a prior claim of breach of contract acted as *res judicata* to bar Johnson's claim under the Deceptive Consumer Sales Act. The trial court agreed, but this court reversed on appeal, holding that Small Claims Rule 11(F) prohibited the application of *res judicata* in that case. The court noted that Johnson's complaint under the Deceptive Consumer Sales Act was "clearly a separate claim." Id. Thus, the court in Johnson held that the subsequent action was not barred by claim preclusion because it was a different claim.

Here, however, Geico's claim against Graham as Heitkamp's subrogee is not a separate claim. Rather, it is exactly same claim, i.e. that Graham was negligent in the operation of her vehicle. See Appellant's App. p. 11 (alleging that Graham operated her vehicle and "negligently or willfully or maliciously" damaged Heitkamp). In fact,

---

[4] At the time of the Johnson case, the language of Small Claims Rule 11(F) was contained in Small Claims Rule 11(E). See Johnson, 590 N.E.2d at 1149.

Geico's claim as Heitkamp's subrogee is wholly derivative of Heitkamp's claim. See Erie Ins. Co. v. George, 681 N.E.2d 183, 186 (Ind. 1997) ("It is settled that '[s]ubrogation confers no greater right than the subrogor had at the time the surety or indemnitor became subrogated. The subrogator [sic] insurer stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whose rights he claims, did not have.'").

We therefore hold that Geico has not demonstrated *prima facie* that the trial court erred in concluding that Small Claims Rule 11(F) did not prohibit the application of claim preclusion. See Johnson, 590 N.E.2d at 1150; see also Watson v. Auto Advisors, Inc., 822 N.E.2d 1017, 1028-29 (Ind. Ct. App. 2005) (holding that, under Small Claims Rule 11(F), earlier small claims judgment against debtor did not act as *res judicata* to bar debtor's subsequently-brought claims that creditor committed unfair debt collection practices, unauthorized practice of law, malicious prosecution, and abuse of process because these claims did not seek to undermine the validity of the earlier small claims judgment).

C. *Claim Preclusion and the Underlying Facts*

Geico next argues that even if Small Claims Rule 11(F) does not act to bar the application of claim preclusion, claim preclusion[5] is nevertheless inapplicable under the facts of the present case. Specifically, Geico argues that claim preclusion is inapplicable because it was not a party to Heitkamp's case or Heitkamp's privy. See Angelopoulos, 2 N.E.3d at 696 (final element required for claim preclusion to apply is whether the

---

[5] Geico refers more generically to *res judicata*, but as we have already determined that Small Claims Rule 11(F) prohibits application of issue preclusion, but not claim preclusion, we limit our discussion to claim preclusion.

controversy adjudicated in former action was between the parties to the present suit or their privies). We disagree.

As Heitkamp's subrogee, Geico's claims were entirely derivative of Heitkamp's claims. See Erie, 681 N.E.2d at 186. Therefore, while it appears to be a matter of first impression in Indiana, as a general matter, we do not hesitate to hold that an insurer who is a subrogee to the rights of the insured is also a privy of the insured, and that an insured is a privy of the insurer, as to the claims that are subrogated. See 17 Couch on Insurance, § 239:36 (3d ed. 2000) (a judgment against the insured in his action is binding on the insurer and precludes it from maintaining a separate action against the tortfeasor, where the insurer paid a portion of the insured's claims and became subrogated to the insured's claim to the extent of the payment under a written subrogation agreement); Ohio Dep't of Human Servs. v. Kozar, 651 N.E.2d 1039, 1041 (Ohio Ct. App. 1995) ("A subrogee is in privity with its subrogor under the *res judicata* doctrine."); DeCare v. Am. Fid. Fire Ins. Co., 360 N.W.2d 872, 876 (Mich. Ct. App. 1984) (holding that subrogee was subrogor's privy for purposes of *res judicata*); Motor Vehicle Accident Indemn. Corp. v. Nat'l Grange Mut. Ins. Co., 224 N.E.2d 869, 872 (N.Y. 1967) (noting that, generally, the subrogee would be bound by the subrogor's participation in an earlier lawsuit).

It is clear that Heitkamp, after losing in the St. Joseph County small claims court action, could not bring the same claim again by suing Graham on the plenary docket of the St. Joseph Superior Court. See Ault, 728 N.E.2d at 869 (citing Cook, 500 N.E.2d at 233). Geico, as Heitkamp's subrogee, stands in Heitkamp's shoes for purposes of the claims against Graham arising out of the accident at issue. See Hockelberg v. Farm

12

Bureau Ins. Co., 407 N.E.2d 1160, 1161 (Ind. Ct. App. 1980) ("When the insurer is claiming a right through subrogation it stands in the shoes of the insured and takes no rights other than those which the insured had."). Accordingly, Geico cannot bring the same claim of negligence against Graham in Marion County any more than Heitkamp could have done so in St. Joseph County.

Still, Geico claims that it is not Heitkamp's privy for purposes of the small claims action, citing Chemco Transp., Inc. v. Conn, 527 N.E.2d 179 (Ind. 1988) and Moreton v. Auto-Owners Ins., 859 N.E.2d 1252 (Ind. Ct. App. 2007). When carefully read, however, each case is readily distinguishable from the facts before us.

In Chemco, the insured, Conn, was driving his tractor-trailer when he struck a trailer owned by Chemco as it backed onto a Wells County highway. Conn's trailer was damaged, and he was injured. Conn's insurer paid Conn for some of the value of the trailer and for partial loss of its use. Conn, on his own, then sued Chemco in Cass County for damages to his tractor-trailer, loss of its use, and personal injuries.

While the Cass County case was pending, Conn's insurer, acting under its subrogation rights, filed a claim against Chemco in Marion County, seeking some, but not all of, the same damages Conn was seeking in the Cass County case filed earlier. The Marion County action was eventually settled and dismissed with prejudice. Based on the dismissal of the Marion County case, Chemco moved for summary judgment in the pending Cass County case on the questions of damages for the loss of the tractor and damages for loss of use. The trial court denied Chemco's summary judgment motion, and Chemco appealed.

On appeal, our supreme court agreed that Conn's claims were not barred by the *res judicata* effect of his insurer's settlement of the Marion County case. The court noted that, although the insurer had the right to pursue its subrogation claim in Conn's name, "Conn reserved the right to pursue his claim since Protective[6] only partially compensated him for his loss." Id. at 182. The court held:

> [Conn] was not directly interested in the subject matter and had no right to control the prosecution of [the Marion County] action since it was commenced by . . . his insurer, and attorneys for [the insurer] were hired by [the insurer]. Conn had no control over their actions and for all that appears could not have controlled their actions since he was unaware that the suit had been filed. Accordingly, the trial court properly found Conn had the right to pursue his full damages against Chemco with corresponding set-off right in Chemco for the amount paid by [the insurer] to Conn.

Id. at 183.

We find Chemco to be readily distinguishable from the facts of the present case. In Chemco, it was the subrogee insurer who settled its subrogated claim with the third-party tortfeasor, and the court noted that the insured had no notice of the insurer's settlement and no ability to control the insurer's actions. Moreover, in Chemco, the insurer only *partially compensated* the insured for his losses, and *specifically excluded* the insured's claims for personal injury. Further, "Conn reserved the right to pursue his claim since Protective only partially compensated him for his loss." Id. at 182. Under these facts and circumstances, the Chemco court held that the subrogor insured was not bound by the actions of the subrogee insurer.

---

[6] Protective Insurance Company was Conn's insurance carrier. Conn had entered into arbitration proceedings with Protective and received partial payment for the value and loss of use of his damaged trailer. Conn did not receive any insurance proceeds from Protective for his personal injuries.

14

Here, in contrast, it is the subrogee insurer, Geico, who is seeking to recover from Graham the money Geico paid to Heitkamp as Heitkamp's subrogee. Unlike the insured in Chemco, Geico is not seeking to recover losses not covered by insurance. Also, unlike the insured in Chemco, Geico did in fact have some ability to control the actions of its insured, Heitkamp. The insurance policy between Geico and Heitkamp clearly informed Heitkamp that he was contractually bound to "do nothing after loss to prejudice" Geico's subrogation rights to recover against others. See Appellant's App. pp. 62, 64, 74, 76, 80. And in the release signed by the Heitkamps, they agreed to:

> take through the representative designated by [Geico] such action in my own name as is requested by the Company to recover damages from the person or persons or organization legally responsible to me therefore, and [Geico] shall have the right at its election to employ an attorney of its choice to represent me in any such action to be taken in my name.

Id. at 98. Applying Chemco to the facts and circumstances before us, we do not read Chemco to stand for the proposition that a subrogee is not in privy with the subrogor for purposes of the application of claim preclusion.

In Moreton, AHR Construction and Remodeling ("AHR") had re-roofed a home owned by the Gentrys, but remain unpaid for its work. A storm damaged the Gentrys' roof, allegedly as a result of deficiencies in AHR's workmanship. Auto-Owners insured the Gentrys' home and paid over $25,000 to them. When they received this payment from their insurer, the Gentrys assigned their claims to Auto-Owners "to the extent of the payment above made[.]" Moreton, 859 N.E.2d at 1253. AHR then sued the Gentrys in small claims court, asserting that they owed AHR for the work it had performed. The

15

Gentrys counterclaimed, seeking over $3,300 to cover damage that had not been covered by their insurance. The small claims court found in favor of AHR.

Auto-Owners subsequently filed suit against AHR as the Gentrys' subrogee, alleging negligence and breach of contract and seeking only the amount of the insured loss. AHR moved for summary judgment, claiming that Auto-Owners' action was barred by the *res judicata* effect of the prior small claims judgment. The trial court denied summary judgment but certified its order for interlocutory appeal.

On interlocutory appeal, our court observed that Auto-Owners was not a party to the prior small claims action and did not participate in that case, and therefore concluded that "Auto-Owners was not sufficiently a party to the small claims action for that action to be *res judicata*[.]" Id. at 1255. In so holding, the Moreton court specifically noted that Auto-Owners lacked control over the Gentrys' actions and was apparently unaware Gentry had brought his counterclaim in the small claims court. Id.

Geico claims that Moreton is directly on point and controlling in this case. We disagree. First, we do not read Moreton as broadly holding that a subrogee insurer is not in privity with the subrogor insured. To the extent that Moreton could be read to hold such, we respectfully disagree. As noted above, a subrogee's rights are derivative of the rights of the subrogor, and the subrogee "stands in the shoes" of the subrogor. Here, Geico was also informed in the Marion Superior Court case that its insured had filed suit regarding the accident in St. Joseph Superior Court Small Claims Division. We therefore repeat our holding that, as a general matter, a subrogee insurer is in privity with its subrogor insured.

16

We also read <u>Moreton</u> more narrowly than Geico. In fact, we understand <u>Moreton</u> to stand for the proposition that if an insurer has no notice about an action filed by the insured *and has no ability to control this action*, then the action will not act as *res judicata* to the insurer. In <u>Moreton</u>, the insurer had no notice or opportunity to control the small claims counterclaim that its insured had brought against the contractor, and therefore the court held that the small claims judgment did not act as *res judicata* in the insurer's claim against the contractor.

Here, however, Graham did inform the court and Geico, albeit after the small claims judgment had been entered, that Geico's insured had brought a claim against her in the St. Joseph Superior Court Small Claims Division as a result of the covered accident, and the claim was prior in time to Geico's Marion Superior Court action. More importantly, Geico retained the ability to claim its losses from Heitkamp under the terms of the insurance contract and release Heitkamp signed in which he agreed not to interfere with Geico's subrogation rights.

The concerns of insureds to recover their auto policy deductibles are a matter of everyday business for insurance companies like Geico. The better practice would be for carriers like Geico to expressly include their insured's claims for deductibles in subrogation and share any recovery obtained *pro rata*. In the alternative, carriers should clearly inform their insureds of the insureds' responsibilities not to proceed in a legal forum to recover their deductibles incurred in covered claims without the clear permission of the carrier, permission that would include the opportunity for joinder of the carrier for its subrogated interests. After such clear notice, insureds like Heitkamp would

17

sue separately for their deductible at the peril of being held responsible for any damages incurred by their carriers flowing from breach of the underlying contract of insurance.[7]

**Conclusion**

Under the facts and circumstances before us in this case, we conclude that Geico was in privity with Heitkamp for purposes of the *res judicata* effects of the St. Joseph County small claim action. Geico's Marion Superior Court claim against Graham was derivative of Heitkamp's St. Joseph County small claim against Graham. Heitkamp lost in the small claims action against Graham, and neither he, nor Geico as his subrogee, could relitigate the same claim in Marion County. Accordingly, the trial court did not err in granting Graham's motion to set aside the judgment on the grounds that Geico's current claim against her is barred by the claim preclusion branch of the doctrine of *res judicata*.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.

---

[7] We recognize that uninsured personal injury arising from the occurrence that caused the injured party to subrogate his or her interests regarding property damage is an important issue that is beyond the scope of this appeal.