NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 1, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 14-2578 | |
| | Appeal from the |
| DAVID L. BENTON, SR., | United States District Court for the |
| *Plaintiff-Appellant*, | Southern District of Indiana, |
| | New Albany Division. |
| *v.* | |
| | No. 4:14-cv-20-TWP-WGH |
| CLARK COUNTY JAIL and CLARK | |
| COUNTY COMMISSIONERS' OFFICE, | Tanya Walton Pratt, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

David Benton appeals from the dismissal of his civil-rights suit alleging that the Clark County Jail and Clark County Commissioners' Office violated his Eighth Amendment rights during his overnight detention by denying him medication and subjecting him to unsanitary conditions. Because Benton's claims are precluded by a previous state-court judgment against him, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

In Indiana state court, Benton sued Clark County Jail for civil-rights violations arising out of his detention on the night of December 17, 2012; he alleged that the jail did not give him pain medication for his osteoporosis and forced him to stand barefoot on an unsanitary floor. The state court granted summary judgment to the defendant, and Benton did not pursue an appeal.

Benton then filed his federal suit, repeating his constitutional claims, attaching a copy of his state-court complaint, and adding the Clark County Commissioners' Office as a defendant. The district court screened his complaint, *see* 28 U.S.C. § 1915(e), and dismissed it, concluding that the Commissioners' Office was in privity with the jail and that Benton's claims against both parties were precluded by the prior state-court judgment. We note that the jail is a building and not a proper party, *see Smith v. Knox Cnty. Jail*, 666 F.3d 1037 (7th Cir. 2012), but here the court appears to have treated the complaint as a suit against the county and its officials.

The district court is correct that Benton's claims are precluded. State-court judgments are afforded the same preclusive effect in federal court that they would have under the law of the state that rendered judgment. *See* 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *DeGuelle v. Camilli*, 724 F.3d 933, 937 (7th Cir. 2013). In Indiana claim preclusion applies when (1) a court of competent jurisdiction (2) rendered judgment on the merits; (3) the matter presently at issue was, or could, have been addressed in the prior action; and (4) the prior case involved the parties to the present suit or their privies. *Geico Ins. Co. v. Graham*, 14 N.E.3d 854, 858 (Ind. App. Ct. 2014); *see also Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 916 (7th Cir. 2005) (applying Indiana law). Benton suggests that claim preclusion is inapplicable because he has added the Commissioners' Office as a party, but the office is in privity with the jail because Benton's allegations against the office stem from his treatment at the jail. *See Becker v. State*, 992 N.E.2d 697, 700–01 (Ind. 2013).

AFFIRMED.