## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 08 2015, 10:13 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Heather George Myers
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael W. Hawkins, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Julie M. Hedge, <br> *Appellee-Respondent* | April 8, 2015 <br><br> Court of Appeals Case No. 49A02-1409-DR-641 <br><br> Appeal from the Marion Superior Court 6 <br><br> The Honorable Thomas J. Carroll, Judge <br><br> The Honorable Christopher B. Haile, Magistrate <br><br> Case No. 49D06-0312-DR-2258 |

**Vaidik, Chief Judge.**

## Case Summary

[1]   Mother and Father, who have been divorced for ten years, had an agreed entry that required their son to attend Southport schools.  Mother and her current husband were considering relocating outside of the Southport-schools area, and

Mother filed a petition to modify the agreed entry. The trial court granted Mother's petition and awarded her $2500 in attorney fees. Father appeals and cites *Myers v. Myers*, 13 N.E.3d 478, 480 (Ind. 2014), in support of his argument that the trial court improperly ordered a future modification of custody based upon Mother's future relocation. However, *Myers* is inapposite to the facts in this case, and we find no error in the trial court's decision. Father also argues that the trial court erred in ordering him to pay $2500 of Mother's attorney fees. We find no error in this award of attorney fees because Father is in a superior position to pay Mother's fees. In addition, Father has waived his argument that there is insufficient evidence to support the amount of the fees. Waiver notwithstanding, we find no error because Mother's testimony provides sufficient evidence in this case. We therefore affirm the trial court.

# Facts and Procedural History

[2] The marriage of Michael Hawkins ("Father") and Julie Hedge ("Mother") was dissolved in September 2004. At that time, their son E.H. was three years old. According to the parties' settlement agreement, the trial court awarded Mother primary physical custody of E.H., and the parties shared joint legal custody. In February 2012, the trial court approved the parties' Mediated Agreed Entry, which provided that the parties would share joint physical and legal custody of E.H. The agreed entry further provided that E.H. "shall continue to be enrolled in Southport Schools based on Mother's residence." Appellant's App. p. 17.

[3]     In September 2012, Father filed a petition to modify custody wherein he asked the trial court to grant him sole physical and legal custody of E.H. In response, Mother filed a petition to modify the agreed entry wherein she asked the trial court to modify the parties' agreed entry to "reflect that [E.H.] be enrolled in school based only on the Mother's residence, not specifically Southport schools." Appellant's App. p. 26.

[4]     The trial court held a hearing on the petitions in July 2014. At the hearing, Mother explained that she and her current husband were looking for a new house. She asked the trial court to remove the language from the agreed entry that E.H. had to attend Southport schools so that if Mother and her husband found a house that they liked, they could "move without reservation." Tr. p. 76. Mother further explained that she and her husband determined they could obtain "bigger, better, less expensive housing outside of the Perry Township area." *Id.* at 62. They planned to stay on the south side or just south of Indianapolis and had looked at houses in Greenwood, Whiteland, Shelbyville, Edinburgh, and New Palestine.

[5]     Also at the hearing, Mother introduced a child-support worksheet, which listed Father's gross weekly income as $977.20 and Mother's as $327.52. Mother testified that she worked twenty-four hours a week but admitted that she was capable of working forty hours a week. She chose to work a reduced schedule to stay home with her younger children.

Mother also testified that she had $2800 in attorney fees and asked the trial court to order Father to pay them. The attorney-fee affidavit that Mother's attorney brought to court listed an incorrect amount of attorney fees, and Mother asked the trial court if she could submit a revised exhibit or affidavit after the hearing. Although the trial court granted her request, Mother never submitted an exhibit or affidavit.

Following the hearing in August 2014, the trial court issued an order denying Father's motion to modify child custody. However, the trial court granted Mother's petition in the following order:

> 5. [Mother] is now contemplating moving to a new residence which may be outside of the Southport school district.
>
> 6. The court grants [Mother's] Petition to Modify and orders [E.H.] to attend school in the district where [Mother] resides.
>
> *　　*　　*　　*　　*
>
> 8. [Father's] child support obligation shall be modified to $78.00 per week based upon the Court finding the following – [Father's] income to be $977.00 per week; [Mother] having fulltime imputed income of $499.00 per week . . . .
>
> *　　*　　*　　*　　*
>
> 11. [Father] shall pay $2,500.00 attorney fees to [Mother's attorney] within sixty days.

Appellant's App. p. 31-32

Father appeals.

# Discussion and Decision

At the outset we note that Mother has failed to file an Appellee's Brief. We will not undertake the burden of developing an argument on her behalf. *See GEICO Ins. Co. v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014). Instead, we may reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *Id.* The prima facie error rule protects the court on appeal and takes from us the burden of controverting arguments advanced for reversal, a duty that remains with the appellee. *Id.* Yet even under the prima facie error rule, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required, and if the appellant is unable to meet the burden of establishing prima facie error, we will affirm. *Id.*

# I. E.H.'s School

Father first argues that the trial court abused its discretion when "it ordered an automatic, future modification of legal custody prospectively upon [Mother's] future relocation." Appellant's Br. p. 7. In support of his argument, Father directs us to *Myers v. Myers*, 13 N.E.3d 478, 480 (Ind. Ct. App. 2014). There, the trial court ordered that custody of the parties' child would be modified and awarded to Father if Mother relocated to Texas. This Court found that the trial court's order automatically modified custody in the event of one parent's location and therefore violated the custody-modification statute. *Id.* at 486.

*Myers,* however, is inapposite to this appeal. There is no change-of-custody order in this case and no violation of the custody-modification statute. Rather, the trial court continued joint custody and granted Mother's petition to amend

the agreed entry to remove a requirement that E.H. attend Southport schools. This allowed Mother to relocate to the south side or just south of Indianapolis and allowed E.H. to attend a school in the district where Mother resides.[1] The trial court issued its August 2014 order two weeks before school started. The trial court did not abuse its discretion.

## II. Attorney Fees

[12] Father also argues that the trial court abused its discretion in ordering him to pay Mother's attorney fees. In post-dissolution proceedings, the trial court may order a party to pay a reasonable amount for attorney fees. *Claypool v. Claypool*, 712 N.E.2d 1104, 1110 (Ind. Ct. App. 1999), *reh'g denied, trans. denied*. The trial court has broad discretion in awarding attorney fees. *Id.* Reversal is proper only where the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. *Id.* In deciding whether to award attorney fees, the trial court should consider the resources of the parties, their economic condition, their ability to engage in gainful employment, and other factors that bear on the award's reasonableness. *Id.* When one party is in a superior position to pay fees over the other party, an award of attorney fees is proper. *Ratliff v. Ratliff*, 804 N.E.2d 237, 249 (Ind. Ct. App. 2004).

---

[1] The trial court only allowed Mother to relocate to those areas on the south side or just south of Indianapolis. Although the trial court's order allows E.H. to attend school in the district where Mother lives, we construe this to mean a school district on the south side or just south of Indianapolis, as that was Mother's request.

[13]     Here, the trial court concluded that Father earned $977.00 per week and that Mother had a full-time imputed weekly income of $499.00. Because Father's weekly income is almost double Mother's, Father is in a superior position to pay Mother's fees, and the trial court did not err in ordering him to do so.

[14]     Father also argues that there is insufficient evidence to support the amount of attorney fees the trial court ordered Father to pay. Father has waived appellate review of this issue because he failed to support his argument with legal authority. *See Speed v. State*, 500 N.E.2d 186, 190 (Ind. 1986) (stating a party's failure to support its argument results in waiver of the issue on appeal).

[15]     Waiver notwithstanding, we find no error. Mother testified that she had $2800 in attorney fees. With one petition and one hearing, Mother's testimony is sufficient to support the $2500 in attorney fees the trial court ordered Father to pay.

Affirmed.

Kirsch, J., and Bradford, J., concur.