## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 22 2018, 9:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joshua W. Casselman
Rubin & Levin, P.C.
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Automotive Finance Corporation dba AFC Automotive Finance Corporation dba AFC, | August 22, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-CC-571 |
| v. | Appeal from the Marion Superior Court |
| Thornton Motor Company, Inc. dba Thornton Motor Company; Alan William Thornton aka Alan W. Thornton aka Alan Thornton; and Leslie Diane Thornton aka Leslie D. Thornton aka Leslie Sahzman Thornton aka Leslie Thornton aka Leslie S. Thornton, | The Honorable David J. Dreyer, Judge |
| | Trial Court Cause No. 49D10-1709-CC-36708 |
| *Appellees-Defendants* | |

**Vaidik, Chief Judge.**

# Case Summary

[1]  Automotive Finance Corporation ("AFC") filed a complaint against Leslie Thornton.  Leslie, pro se, filed a "Motion to Dismiss" the complaint and attached several exhibits to it.  The trial court stamped "GRANTED" on the first page of Leslie's "Motion to Dismiss."  AFC now appeals, arguing that the trial court treated Leslie's "Motion to Dismiss" as a motion for summary judgment but did not afford AFC a reasonable opportunity to present Trial Rule 56 materials.  We reverse and remand.

# Facts and Procedural History

[2]  In September 2017, AFC filed a complaint against Leslie Thornton, Alan Thornton, and Thornton Motor Company, Inc. (which operated a used-car dealership in Arkansas) in Marion Superior Court.  The complaint alleged three counts against Leslie: (1) breach of guaranty; (2) check deception; and (3) conversion.  In October 2017, Leslie, who represented herself, filed an answer with five exhibits.  In the answer, Leslie admitted that she executed a guaranty in 2014 in order for Thornton Motor Company to obtain a loan.  On November 29, 2017, Leslie filed a document she titled "Motion to Dismiss Complaint of the Plaintiff as to Separate Defendant, Leslie Thornton, Only."  Appellant's App. Vol. II p. 116.  Although Leslie's pro se filing did not provide a legal basis for the dismissal, she attached several exhibits to her "Motion to Dismiss,"

including her answer and the exhibits she had attached to it (Exhibit A) as well as numerous documents relating to Leslie and Alan's divorce in Arkansas (Exhibits B and C). In essence, Leslie argued that the complaint should be dismissed as to her because there was an order in the parties' Arkansas divorce case that "restrained [her] from being involved in the business of Thornton Motor Company" and she "had no knowledge or hand in any business transactions whatsoever from July 3, 2016 through the present time." *Id.* at 117 (capitalization omitted).

[3] The next day, November 30, 2017, AFC filed a response. AFC argued that Leslie's "Motion to Dismiss" should be "deemed as one brought pursuant to Trial Rule 12([B])(6)" but that if the trial court considered Leslie's motion as one for summary judgment, then "counsel for plaintiff will respond accordingly following notice that the Court is treating it as such." *Id.* at 167-68.

[4] The next entry on the CCS is dated January 2, 2018. *Id.* at 4. On this date, the trial court stamped "GRANTED" on the first page of Leslie's "Motion to Dismiss." *Id.* at 6. AFC filed a motion to reconsider, which the trial court never ruled on and was deemed denied.

[5] AFC now appeals.

# Discussion and Decision

[6] At the outset we note that Leslie has failed to file an appellee's brief. When the appellee fails to submit a brief, we will not develop an argument on her behalf

but, instead, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *GEICO Ins. Co. v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014).

[7] AFC makes several arguments on appeal, but we find one dispositive. That is, AFC contends that the trial court treated Leslie's "Motion to Dismiss" as a motion for summary judgment but did not afford AFC a reasonable opportunity to present Trial Rule 56 materials.

[8] Indiana Trial Rule 12(B) provides that a motion to dismiss for failure to state a claim shall be treated as one for summary judgment when "matters outside the pleading are presented to and not excluded by the court." In such a case, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ind. Trial Rule 12(B). The trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced. *Azhar v. Town of Fishers*, 744 N.E.2d 947, 950 (Ind. Ct. App. 2001).

[9] Admittedly, this case is unique. A pro se defendant filed a "Motion to Dismiss" without citing any legal basis for the dismissal but attached numerous exhibits to the motion. Not sure how Leslie was proceeding, AFC responded as if Leslie had filed a motion to dismiss for failure to state a claim. However, AFC included in its response that if the trial court was going to consider Leslie's motion as one for summary judgment, then "counsel for plaintiff will

respond accordingly following notice that the Court is treating it as such." Although the court did not give AFC explicit notice that it was treating Leslie's motion as one for summary judgment, it did not exclude the exhibits either. Rather, the court stamped "GRANTED" on the first page of Leslie's "Motion to Dismiss," which had several exhibits attached to it. And when AFC sought reconsideration, the court did not rule on that. On appeal, AFC says it was "not given a reasonable opportunity to present evidence in opposition" and was prejudiced as a result. Appellant's Br. pp. 18, 20. Leslie hasn't filed an appellee's brief arguing otherwise, and we won't develop those arguments for her. *See Graham*, 14 N.E.3d at 857. Accordingly, we reverse the dismissal of AFC's complaint and remand this case to the trial court for further proceedings. If the court is going to treat Leslie's motion as one for summary judgment, it must give AFC a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

[10] Reversed and remanded.

Pyle, J., and Barnes, Sr. J., concur.