## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 18 2019, 7:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Herschel E. Hartley, Sr., | June 18, 2019 |
| *Appellant-Respondent,* | Court of Appeals Case No. 19A-DR-207 |
| v. | Appeal from the Blackford Superior Court |
| Sharon K. Hartley, | The Honorable Dean A. Young, Special Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 05D01-1608-DR-39 |

**Vaidik, Chief Judge.**

# Case Summary

[1]   More than one year after the trial court entered a decree dissolving the parties' marriage, the wife filed a motion to modify the decree alleging that the husband

did not disclose a retirement account. The trial court granted the wife relief on the basis that the parties made a mistake and awarded her one-half of the account. But because such motions must be filed within a year of the decree's entry and the wife did not do so here, we reverse the trial court.

## Facts and Procedural History

[2]     On August 9, 2017, the trial court entered a decree dissolving the marriage of Sharon K. Hartley ("Wife") and Herschel E. Hartley, Sr. ("Husband"). Appellant's App. Vol. II p. 18. In the decree, the court noted that Husband had two retirement accounts through his employer, one with Vanguard and the other with Merrill Lynch. *Id.* at 21. The court equally divided the Vanguard account and awarded the Merrill Lynch account to Husband.

[3]     More than a year later, on October 25, 2018, Wife filed a "Motion for Modification of Decree." *Id.* at 65. Specifically, Wife alleged that "at the time of the Court's decree the parties indicated they had disclosed all marital debts and assets" but she believed that Husband had a third retirement account that "was not disclosed prior to dissolution nor was it presented to the court for consideration when dividing the marital estate." *Id.* Wife, without citing any authority, claimed that she was "entitled" to funds from this account. *Id.* Husband objected, alleging that "it is well established that a final division of property may not be modified." *Id.* at 67.

[4]     A hearing was then held on Wife's motion. Wife's attorney argued as follows:

[A]fter the conclusion of the proceedings it was discovered by [Wife] that there may have been a small pension that existed. Specifically, that a Steel Workers Pension Trust that would have been awarded to [Husband] and would have included a monthly benefit of $205.36 that would have been initialized in December of 2015, and at the time of dissolution, Your Honor, we submitted financial disclosures and request for division of asset[s] and the Court had asked if that was the entire disclosure of each party. **We're not suggesting necessarily that it was fraud, per se, but even if it was a mistake on [Husband's] part, that was an amount that was not included amongst the assets for division and we think the amount should be considered and allowable for division since it has not already been ruled upon.**

Tr. pp. 4-5 (emphasis added). Husband argued that the trial court should deny Wife's motion because it was filed outside the one-year time limit provided by Indiana Trial Rule 60(B). The trial court gave the parties seven days to submit authority, but only Husband did so. The trial court ultimately issued an order awarding Wife one-half of Husband's retirement account:

In this case, the 401K was unknown to either party. The Court accepts [Husband's] representation that he was not aware of his entitlement to the 401K from a previous employment. [Wife] does not allege[] that he engaged in fraud. **Simply put, both parties made a mistake as to the existence of the 401K asset.** In effect, [Wife] is not asking the Court to modify the Court's Decree. Rather, [Wife] is requesting the Court to divide an asset that has never been part of the Court's Dissolution Decree.

Appellant's App. Vol. II p. 16 (emphasis added).

[5]     Husband now appeals.

# Discussion and Decision

[6] We first note that Wife did not file an appellee's brief. When the appellee fails to submit a brief, we will not develop an argument on her behalf but, instead, we may reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *GEICO Ins. Co. v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014).

[7] Husband contends that the trial court erred in awarding Wife one-half of his retirement account. Indiana Code section 31-15-7-9.1(a) provides that "orders concerning property disposition . . . may not be revoked or modified, except in the case of fraud." Indeed, a strong policy favors the finality of property-division orders. *Shepherd v. Tackett*, 954 N.E.2d 477, 480 (Ind. Ct. App. 2011). One purpose of this policy is to eliminate vexatious litigation that often accompanies dissolution of marriages. *Rohrer v. Rohrer*, 734 N.E.2d 1077, 1082 (Ind. Ct. App. 2000). If fraud is alleged, it must be asserted not later than six years after the property-division order is entered. Ind. Code § 31-15-7-9.1(b).

[8] Here, however, Wife did not allege fraud. In fact, she conceded that there was no evidence of fraud. While Section 31-15-7-9.1 generally prohibits modification of property-division orders except in the case of fraud, a party may still seek relief under Indiana Trial Rule 60(B) in certain circumstances. *See generally Ryan v. Ryan*, 972 N.E.2d 359 (Ind. 2012). Specifically, Trial Rule 60(B)(1) allows relief from judgment by reason of "mistake, surprise, or excusable neglect." Although not citing Trial Rule 60(B)(1), the trial court

found that the parties made a "mistake." But as Husband points out, Trial Rule 60(B) provides that motions pursuant to Rule 60(B)(1) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Because Wife filed her "Motion for Modification of Decree" more than one year after the decree was entered, she is not entitled to relief under Trial Rule 60(B)(1). *See Dusenberry v. Dusenberry*, 625 N.E.2d 458, 462 (Ind. Ct. App. 1993) (holding that because more than one year elapsed between the date the decree of dissolution was entered and the date the wife filed her petition to modify, she could not seek relief on the basis of mistake). Husband has established prima facie error. We therefore reverse the trial court.

[9] Reversed.

Kirsch, J., and Altice, J., concur.