## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 04 2020, 8:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

### IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Hammitt, | March 4, 2020 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 19A-DN-2401 |
| v. | Appeal from the Grant Superior Court |
| Sarah Hammitt, | The Honorable Jeffrey D. Todd, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 27D01-1805-DN-117 |

**Vaidik, Judge.**

# Case Summary

Robert Hammitt ("Husband") appeals the trial court's decree dissolving his

marriage to Sarah Hammitt ("Wife"). We affirm.

# Facts and Procedural History

Husband and Wife married in 1992. They owned a house in Grant County and a trailer in Texas. In May 2018, when Husband was seventy-nine years old and Wife was seventy-eight, Husband filed for divorce. At the time of filing, the parties had a mortgage on the house, a loan for Wife's van, and credit-card debt. Husband requested provisional orders, and the trial court scheduled a hearing for August 23. On the day of the hearing, the parties and their attorneys met in the hallway and reached the following agreement:

> 1. The parties shall file BKR [bankruptcy] as Husband & Wife & agree to split attorney fees and court costs.
>
> 2. The parties agree that as final decree, all property shall be sold unless agreed otherwise.
>
> * * * * *
>
> 4. The parties agree that atty fees for [Husband] & [Wife] shall be paid from the proceeds from the sale of the property.
>
> 5. Pending sale of residence, [Wife] shall reside in the house & [Husband] shall reside in the 5th wheel. [Husband] shall not enter the residence unless invited.

Appellant's App. Vol. II pp. 16-17. The agreement was submitted to the court and approved.

Approximately eight months later, Husband filed a "Petition to Sell Property," in which he claimed that Wife was "not complying with the agreement" and

asked the trial court for an order to "sell the property." *Id.* at 18. Shortly thereafter, Wife's attorney withdrew from the case. A hearing was held on Husband's Petition to Sell Property in June 2019. Husband appeared by counsel, and Wife, who was representing herself, appeared telephonically from Texas, where she was completing medical treatment following surgery. Husband asked the court for an order to sell "the property." Tr. p. 10. Wife admitted that the agreement provides that "the property" would be sold but said that she made that agreement "before [she] go[t] sick" and had to be hospitalized. *Id.* Following the hearing, the court entered an order denying Husband's petition, reasoning: "In light of the fact that this divorce has not yet been finalized, the Court denies [Husband's] Petition to Sell Property. To grant [Husband's] petition would be a partial disposition of the marital estate." Appellant's App. Vol. II p. 21.

[3]     A final hearing was held in September. Husband appeared by counsel, and Wife appeared pro se. Wife asked the court to let her keep the house because she had nowhere else to go. *See* Tr. p. 32 ("[W]here's an eighty year old woman gonna go?"). Husband asked that the house and the trailer in Texas be sold and that "they each keep the personal property that they have." *Id.* at 41. Husband did not ask the court to address bankruptcy in the divorce decree. When the court asked Husband why he was not asking for all property to be sold, Husband acknowledged that's what the agreement provides but said that he had changed his mind and only wanted the house and the trailer in Texas to be sold. *Id.* at 41-42. The court took the matter under advisement and later

issued a divorce decree. According to the decree, the parties are entitled to the personal property in their possession, Wife is entitled to the house, and Husband is entitled to the trailer in Texas. In addition, Wife is responsible for the mortgage on the house, all credit-card debt, and the loan for her van.

Husband now appeals.

# Discussion and Decision

We first note that Wife has not filed an appellee's brief. When the appellee fails to submit a brief, we will not develop an argument on her behalf but, instead, we may reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *GEICO Ins. Co. v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014).

Husband makes one argument on appeal: the trial court erred by not incorporating the parties' August 2018 agreement into the divorce decree. The problem with Husband's argument is that neither he nor Wife asked the court to incorporate the agreement into the decree. Wife asked the court not to order the house to be sold and to award it to her instead, and Husband only asked for the house and the trailer in Texas to be sold. Husband acknowledged that the agreement provides that all property would be sold but said that he had changed his mind. In addition, Husband did not ask the court to address bankruptcy, which the agreement also addresses. If the trial court erred by not incorporating the whole agreement into the decree (which we don't think it did), Husband

invited this error. *See Batchelor v. State*, 119 N.E.3d 550, 556 (Ind. 2019). Husband cannot now be heard to complain that the court erred by not incorporating the agreement into the decree.

[7] Affirmed.

Najam, J., and Tavitas, J., concur.